■ Stephen J. Cesario, Appellant-Respondent, v Esther L. Cesario, Respondent-Appellant.—Judgment unanimously modified in the exercise of discretion and as modified affirmed without costs, in accordance with the following memorandum: Supreme Court did not abuse its discretion in awarding custody of the minor child of the marriage to plaintiff husband. Although the record reveals that both parties are good and loving parents, in view of defendant's history of psychological and mental problems, the court's conclusion that awarding custody to plaintiff husband was in the best interests of the child was reasonable (see, Eschbach v Eschbach, 56 NY2d 167, 171).

The award of visitation to defendant was excessive, however, as it deprived plaintiff of any significant "quality time" with the child. Under the visitation award, defendant has the child every weekend from Friday after school until Sunday evening as well as one weekday evening each week. Under this visitation schedule, plaintiff prepares the child for school in the morning and spends three evenings a week with her. " ' "Visitation is always to be premised upon a consideration of the best interests of the children" ' " (De Pinto v De Pinto, 98 AD2d 985; Parker v Ford, 89 AD2d 806, 806-807; Chirumbolo v Chirumbolo, 75 AD2d 992, 993). In our view, the visitation provisions of the judgment should be modified to grant defendant visitation every other weekend together with the weekday evening, summer vacation and alternate holiday provisions of the judgment. We conclude that such a modification is warranted in the best interests of the child (cf., Trolf v Trolf, 126 AD2d 544, lv dismissed 69 NY2d 1038).

The award of child support to defendant also is modified to $25 per week. Since defendant has remarried, the award of maintenance terminates as a matter of law (Domestic Relations Law § 236 [B] [6] [c]) and this issue is therefore moot. (Appeal from judgment of Supreme Court, Oneida County, Ringrose, J.—divorce.) Present—Callahan, J. P., Doerr, Boomer, Pine and Lawton, JJ.