■ Troy A. DeJac, Appellant-Respondent, v Maria C. DeJac, Respondent-Appellant. [794 NYS2d 208]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (David M. Barry, J.), entered December 2, 2004. The order, among other things, denied plaintiff's application for sole custody and granted defendant's cross motion to enforce the judgment of divorce.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion in part, reinstating the application and vacating the first and third through fifth ordering paragraphs and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: By order to show cause, plaintiff sought to modify the judgment of divorce

granting defendant sole custody of the parties' two children. Plaintiff sought sole custody of the children, and defendant cross-moved to dismiss plaintiff's application and to enforce the judgment of divorce. The judgment of divorce continued an order entered on consent of the parties in Family Court, Otsego County, on May 15, 2001, pursuant to which plaintiff, who was then incarcerated, consented to defendant's relocation to Georgia with the children. The order further provided that plaintiff could seek visitation with the children through "the Georgia Courts." It is undisputed that, after plaintiff was released from jail in June 2001, the parties agreed upon visitation in Georgia and New York without court intervention. It is also undisputed that, in April 2004, defendant signed a notarized statement purporting to transfer sole custody of the children to plaintiff because she had decided to enter the armed services. Defendant thereafter changed her plans, however, and plaintiff brought the instant application in August 2004.

In granting that part of defendant's cross motion to dismiss plaintiff's application and directing that the children immediately be returned to defendant's custody, Supreme Court acknowledged that it had continuing exclusive jurisdiction pursuant to Domestic Relations Law § 76-a (1). The court determined in its order, however, that New York "constitutes an inconvenient forum pursuant to [section] 76-f of the New York State Domestic Relations Law." This Court granted plaintiff's motion to stay all proceedings to enforce that order pending plaintiff's appeal therefrom. We note at the outset that the court erred in granting that part of defendant's cross motion to dismiss plaintiff's application and in directing the immediate return of the children to Georgia. Domestic Relations Law § 76-f (3) provides that, in the event that the court determines that this state is an inconvenient forum, "it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state," and the court failed to comply with that statute.

We conclude that the court erred in determining that New York is an inconvenient forum (see generally Matter of Dawber v Kelly, 287 AD2d 625 [2001]). Although the court acknowledged that the matter would be resolved more expeditiously in New York (see Domestic Relations Law § 76-f [2] [g]), it nevertheless determined that other factors outweighed that consideration. That was error. Although some evidence with respect to the best interests of the children is available only in Georgia (see § 76-f [2] [f]), the court failed to consider that, pursuant to Domestic Relations Law § 75-j (2), such evidence could be submit-

ted by way of, inter alia, depositions or testimony "by telephone, audiovisual means, or other electronic means." The Law Guardian and the attorneys for plaintiff and defendant are familiar with the facts and circumstances of the litigation, and the court failed to consider the limited financial resources of the parties and the expense related to litigation in another forum (see § 76-f [2] [d]). Although by the order in 2001 the parties had agreed that plaintiff could seek visitation with the children in "the Georgia Courts" (see § 76-f [2] [e]), we conclude that the provision of that order is not controlling herein, particularly in view of plaintiff's circumstances at the time of that agreement and the lack of court intervention with respect to visitation issues prior to the instant proceedings. We note that the parties cannot, by agreement, confer jurisdiction on either state (see *Koshetz v Lamberti,* 262 AD2d 611 [1999]), and the judgment of divorce merely continued the 2001 order by which the parties had agreed that plaintiff could seek visitation with the children in "the Georgia Courts." Furthermore, although the children resided in Georgia for approximately 3½ years, they have had extensive periods of visitation with plaintiff in New York, often spanning several months (see Domestic Relations Law § 76-f [2] [b]), and the New York courts have more familiarity with the facts and issues in this pending litigation (see § 76-f [2] [h]). We therefore modify the order accordingly, and we remit the matter to Supreme Court for further proceedings consistent with this decision before a different justice. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.