■ In the Matter of JOSEPH EISNER, Appellant, v JENNIFER EISNER, Respondent. (Proceeding No. 1.) In the Matter of JOSEPH EISNER, Appellant, v APRIL GILLEN et al., Respondents. (Proceeding No. 2.) [844 NYS2d 447]—

Cardona, P.J. Appeals from two orders of the Family Court of Ulster County (Mizel, J.), entered May 10, 2006, which dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, for an order of custody and/or visitation.

Petitioner in proceeding Nos. 1 and 2 (hereinafter the father) and respondent in proceeding No. 1 (hereinafter the mother) were married in 1997 and have two children, Jason (born in 1998) and Jeffrey (born in 1999). Pursuant to an August 1999 New York custody order entered upon consent of the parties, Family Court (Work, J.) awarded custody of Jason to the mother with visitation to the father. The parties' second child, Jeffrey, was born during the pendency of that custody proceeding, and is not mentioned in the 1999 order. In December 2000, the father, then incarcerated for a family offense against the mother, filed the petition at issue in proceeding No. 1 seeking visitation with the children. Numerous other petitions with respect to custody and visitation were filed by the parents over the next several years, however, they were either withdrawn or dismissed. Nevertheless, no substantive progress was made with respect to the December 2000 visitation petition.

The mother moved out of state with the children sometime in 2002 and eventually obtained a divorce decree from a South Carolina court in December 2004, which found that she had been a resident of that state for more than a year. In 2005, a South Carolina court issued an emergency temporary order of physical custody of the children to respondents in proceeding No. 2, the mother's mother and stepfather (hereinafter the grandparents). Pursuant to that order, the grandparents were permitted to return to their home in New York with the children, but were required to appear in South Carolina with the children for any further hearings. The mother continues to reside in South Carolina.

Thereafter, the father commenced proceeding No. 2 in New York against the grandparents seeking custody of the children. Although Family Court had exclusive, continuing jurisdiction based upon the 1999 child custody determination regarding Jason, it determined the South Carolina court to be a more convenient forum for resolution of all pending custody and visitation matters. Accordingly, Family Court (Mizel, J.) dismissed all

pending petitions and deferred jurisdiction to South Carolina resulting in this appeal by the father.*

Upon review of this record, we find that Family Court reviewed the appropriate factors and properly exercised its discretion in deferring jurisdiction to South Carolina. Domestic Relations Law § 76-a (1) (a) provides that jurisdiction of a custody matter continues until "a court of this state determines that neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships." A court may decline to exercise its jurisdiction if it determines that another forum is more convenient after consideration of relevant factors, such as, whether domestic violence is an issue, the length of time the children have resided out of the state, the nature and location of the evidence needed to resolve the litigation, the ability of each state to resolve the matter expeditiously and the familiarity of the court of each state with the facts and issues (*see* Domestic Relations Law § 76-f [2] [a]-[h]).

Here, the children had lived in South Carolina at least since 2003 and, therefore, evidence regarding their care, well-being and personal relationships is more readily available in South Carolina. Although the children returned to New York with their grandparents pursuant to a temporary order of physical custody, there was no transfer of legal custody. Furthermore, according to Family Court's correspondence with the South Carolina court, that proceeding, which is the only proceeding naming all parties herein, is still pending. To that end, the basis for the emergency temporary physical custody order is not disclosed and any evidence pertaining to the mother's fitness to retain custody is primarily in South Carolina. Significantly, the final order issued by the court in South Carolina regarding legal custody will have a direct effect on the father's petitions herein.

Finally, although Family Court had exclusive continuing jurisdiction over custody of Jason, there is no such custody order in this state pertaining to Jeffrey. Rather, the South Carolina court has exclusive continuing jurisdiction over Jeffrey given the pending custody matter there. As noted by Family Court, "it [would be] a waste of judicial, legal, and parental resources to

---

* We deem any error in the father's notice of appeal concerning the date of the orders being appealed as harmless since there was a timely notice of appeal and no evidence that the error prejudiced respondents (*see generally Matter of Leach v Santiago*, 20 AD3d 715, 716 n 1 [2005], *lv denied* 6 NY3d 702 [2005]).

have two courts litigate custody separately over two children in the same family." Inasmuch as there is a sound basis in the record to support Family Court's finding that South Carolina is a more convenient forum, the determination will not be disturbed (*see Matter of Jenkins v Jenkins*, 9 AD3d 633, 635-636 [2004], *appeals dismissed* 5 NY3d 881 [2005], 6 NY3d 751 [2005]; *Matter of Persaud v Persaud*, 293 AD2d 480, 480-481 [2002]).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.