■ In the Matter of ALBERT KELLY, Appellant, v GINGER KRUPA, Respondent. [881 NYS2d 531]—

Peters, J.P. Appeal from an order of the Supreme Court (Sherman, J.), entered June 3, 2008 in Tompkins County, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born 2000 and 2001). In August 2007, Supreme Court permitted the mother to relocate with the children to Florida and granted her sole custody, with the father to have specified visitation. The father subsequently alleged interference with his visitation rights and Supreme Court modified the August 2007 order to apportion the costs of visitation between the parties. In April 2008, the father commenced a new modification proceeding, again alleging that he was being deprived of his visitation rights. After reviewing the parties' positions on the issue, Supreme Court held that New York was an inconvenient forum in which to conduct the proceeding, although it stayed dismissal of the petition in order to allow the father to commence a similar proceeding in Florida. The father appeals.

We affirm. There is no dispute that Supreme Court had continuing jurisdiction over this custody matter (see Domestic Relations Law § 76-a). A court is entitled, however, to "decline to exercise its jurisdiction if it determines that another forum is more convenient after consideration of relevant factors" (Matter of Eisner v Eisner, 44 AD3d 1111, 1113 [2007], lv denied 9 NY3d 816 [2007]; see Domestic Relations Law § 76-f). Supreme Court weighed the applicable factors, several of which point to Florida being a more convenient forum. In particular, the mother al-

leged that the father inappropriately attempted to arrange visitation through their eight-year-old daughter and that he had made unfounded child abuse allegations to authorities in Florida. It is clear that Florida is in a better position to investigate those claims and that they could be more adequately explored in a Florida custody proceeding (*see* Domestic Relations Law § 76-f [2] [a], [f]). Moreover, it appears that the Law Guardian's equivalent in Florida could far more effectively communicate with the children given their young ages (*see* Domestic Relations Law § 76-f [2] [b], [f]).

As the record provides a sound basis for the finding that Florida is a more convenient forum, Supreme Court's determination will not be disturbed (*see Matter of Eisner v Eisner*, 44 AD3d at 1113-1114; *Matter of Jun Cao v Ping Zhao*, 2 AD3d 1203, 1204 [2003], *lv denied* 1 NY3d 509 [2004]). Nor do we find that Supreme Court abused its discretion by not retaining jurisdiction and allowing witnesses in Florida to appear by electronic means (*see* Domestic Relations Law § 75-j; *cf. DeJac v DeJac*, 17 AD3d 1066, 1067-1068 [2005]).

Rose, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.