■ In the Matter of APRIL J. SUTTON, Respondent, v JOSEPH E. SUTTON, Appellant. [902 NYS2d 746]—

Appeal from an order of the Family Court, Herkimer County (Henry A. LaRaia, J.), entered May 15, 2009 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded sole custody of the parties' children to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father contends on appeal that Family Court erred in granting the petition seeking to modify a New York custody order pursuant to which the parties had joint custody of the parties' twin daughters, and the father had primary physical residence of the children in Virginia, where he resides. By the order on appeal, the court awarded petitioner mother sole custody of the children, with visitation to the father. The mother resides in New York. Contrary to the father's contention, the court did not err in concluding that it retained jurisdiction over the proceeding pursuant to Domestic Relations Law § 76-a. Although the children necessarily resided primarily in Virginia with their father, they visited the mother in New York several weeks each year. In addition, the children visited regularly with other relatives in New York and, shortly before the mother commenced this proceeding, the father filed a petition in the same court in New York seeking to modify child support. Thus, the children continued to have a "significant connection with this state" (§ 76-a [1] [a]; see Bjornson v Bjornson, 20 AD3d 497 [2005]).

We also reject the father's contention that the court should have dismissed the petition on the ground that New York is an inconvenient forum (see Domestic Relations Law § 76-f). Although the record does not reflect that the court properly considered the requisite statutory factors pursuant to section 76-f, we need not remit the matter to Family Court to do so because the record is sufficient for us to consider those factors (cf. Schumaker v Opperman, 187 AD2d 1033 [1992]). Upon doing so, we conclude that New York is not an inconvenient forum and that Virginia is not a "more appropriate forum" (Domestic Relations Law § 76-f [3]). We note in particular that there was evidence at the hearing that the children were subject to mistreatment by the father in Virginia (§ 76-f [2] [a]), and there was substantial evidence in this state from which to make a custody determination inasmuch as the children spent a significant amount of time in New York (§ 76-f [2] [b], [f]). Moreover, psychological evaluations conducted in Virginia were admitted in evidence at the hearing, the attorney for the children traveled to Virginia to meet with the father and other individuals

with knowledge of the children, and the court was able to conduct a *Lincoln* hearing with the children in New York. We further note that, although the court gave the father permission to conduct depositions of witnesses from Virginia, the father did not avail himself of that opportunity and, significantly, he also failed to seek the permission of the court to allow witnesses from Virginia "to testify by telephone, audiovisual means, or other electronic means before a designated court or at another location in that state" (§ 75-j [2]). Moreover, the court was familiar with the case because it had issued the prior custody order and thus was in a position to decide the custody issue expeditiously, and no custody petitions had been filed in Virginia (§ 76-f [2] [g], [h]).

We reject the father's contention that the court erred in admitting hearsay statements of the children in evidence at the hearing. "It is well settled that there is 'an exception to the hearsay rule in custody cases involving allegations of abuse and neglect of a child, based on the Legislature's intent to protect children from abuse and neglect as evidenced in Family [Court] Act § 1046 (a) (vi)' . . . , where, as here, the statements are corroborated" (*Matter of Mateo v Tuttle*, 26 AD3d 731, 732 [2006]). Finally, contrary to the father's contention, there is ample support in the record for the court's determination that it is in the best interests of the children to award sole custody to the mother. Present—Centra, J.P., Fahey, Peradotto, Lindley and Pine, JJ.