■ In the Matter of Damiana Guzman, Appellant, v Oswaldo Guzman, Respondent. [938 NYS2d 195]—

In *November 2009, the mother* commenced this proceeding, seeking to modify the custody and visitation provisions of a 2008 Florida judgment of divorce, entered upon the parties' stipulation, which, among other things, awarded the father primary residential custody of the subject child. Before any determination could be made in this proceeding, the father relocated with the subject child to Florida. Thereafter, on December 22, 2009, the Family Court issued a determination, in effect, dismissing the petition for lack of jurisdiction, and it advised the mother to seek relief in Florida. However, when the mother subsequently commenced a custody proceeding with respect to the subject child in the Circuit Court, Seventh Judicial Circuit, in and for Volusia County, Florida (hereinafter the Florida court), the Florida court determined that Florida was an inconvenient forum and that New York was the more appropriate forum (*see* Fla Stat Ann § 61.520; Domestic Relations Law § 76-f), and it stayed the custody proceeding commenced in the Florida court. The mother then moved in the Family Court, Queens County, inter alia, to vacate the Family Court's determination dated December 22, 2009. Without consulting with the Florida court, the Family Court denied the motion in an order dated March 2, 2011.

Under the circumstances of this case, the order dated March 2, 2011, must be reversed, that branch of the mother's motion which was to vacate the determination dated December 22, 2009, granted, the petition reinstated, and the matter remitted to the Family Court, Queens County, for further proceedings. At the time the mother commenced this modification proceeding in November 2009 (*see Matter of Andrews v Catanzano*, 44 AD3d 1109 [2007]; *Matter of Rey v Spinetta*, 8 AD3d 393 [2004]), the Family Court, Queens County, had jurisdiction over it pursuant to Domestic Relations Law § 76-b, based on the fact that the parties and the subject child lived in New York, and none of them had resided in Florida for over a year (*cf. Matter of Saunders v Hamilton*, 75 AD3d 1172 [2010]; *Matter of Calvo v Herring*, 51 AD3d 916 [2008]). Further, the subject child was enrolled in school in New York, her sister had resided in New York with the mother since 2007, the father had commenced a proceeding in New York to modify the custody provisions of the Florida judgment of divorce with respect to the sister, and the Family Court, Queens County, had obtained a forensic study of the parties for use in that proceeding. Therefore, the parties

and the subject child had significant connections with this State, and it appears that "substantial evidence [was] available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76 [1] [b] [ii]). Accordingly, New York had jurisdiction to modify the custody and visitation provisions of the parties' Florida judgment of divorce with respect to the subject child.

Nonetheless, where custody proceedings relating to a child are pending in different states—in this case, New York and Florida—Domestic Relations Law § 76-e applies, and the courts of the two states must confer with each other (*see Matter of Javier v Javier*, 264 AD2d 735 [1999]). Since the Family Court made its initial determination, in effect, dismissing the petition in this proceeding, the father and the subject child apparently have resided in Florida. In view of these circumstances, upon remittal, the Family Court, Queens County, is directed to contact the Florida court so that the courts of the two states may confer with each other and determine which state is the more appropriate forum for this proceeding at this juncture (*see Matter of Andrews v Catanzano*, 44 AD3d 1109 [2007]; *see also Matter of Eisner v Eisner*, 44 AD3d 1111 [2007]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Balkin, Leventhal and Belen, JJ., concur.