# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1483**
**CAF 11-01763**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF RAFAEL A. MERCADO,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

KATHY R. FRYE, RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA, LLP, BUFFALO (MELISSA A. CAVAGNARO OF COUNSEL), FOR PETITIONER-RESPONDENT.

JENNIFER M. LORENZ, ATTORNEY FOR THE CHILD, LANCASTER, FOR JESSICA M.

---------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered August 1, 2011 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father commenced this proceeding seeking to modify the parties' joint custody arrangement pursuant to which respondent mother had primary physical residence of the parties' children in California. The father resides in New York. The mother appeals from an order modifying that custody arrangement by awarding the father sole custody of the parties' youngest child (child).

Contrary to the mother's contention, we conclude that Family Court had exclusive, continuing jurisdiction to determine custody pursuant to Domestic Relations Law § 76-a. It is undisputed that the initial child custody determination was rendered in New York, and we conclude that there is "ample evidence of a significant connection by the child with this state for Family Court to retain jurisdiction" (*Matter of Hissam v Mancini*, 80 AD3d 802, 803, *lv denied in part and dismissed in part* 16 NY3d 870; *see* Domestic Relations Law § 76-a [1] [a]). The father's extensive parenting time took place in New York, the child has extended family in this state, and her medical and dental providers are located here (*see Hissam*, 80 AD3d at 803; *Matter of Sutton v Sutton*, 74 AD3d 1838, 1839).

We also reject the mother's contention that the court should have dismissed the modification petition on the ground that New York is an

inconvenient forum (*see* Domestic Relations Law § 76-f).  There was substantial evidence in this state from which to make a custody determination inasmuch as the father, the child, the child's treating therapist, the child's extended family, and the child's medical and dental providers are located in New York (*see Sutton*, 74 AD3d at 1839-1840).  In addition, the New York courts were more familiar with the parties and the child than the California courts, and the court permitted the mother to appear electronically for all proceedings except the fact-finding hearing (*see Matter of Belcher v Lawrence*, 98 AD3d 197, 202; *Sutton*, 74 AD3d at 1840; *see generally Matter of Anthony B. v Priscilla B.*, 88 AD3d 590, 590).

Contrary to the contention of the mother, we conclude that the court properly determined that "the father established the requisite change in circumstances to warrant an inquiry into whether the best interests of the child would be served by modifying the existing custody arrangement" (*Matter of Burrell v Burrell*, 100 AD3d 1545, 1545).  We further conclude that there is a sound and substantial basis in the record to support the court's determination that it was in the child's best interests to award sole custody to the father (*see generally Matter of Deborah E.C. v Shawn K.*, 63 AD3d 1724, 1725, *lv denied* 13 NY3d 710; *Matter of Jeremy J.A. v Carley A.*, 48 AD3d 1035, 1036; *Matter of Khaykin v Kanayeva*, 47 AD3d 817, 817).  Although the child lived in California with her mother for approximately five years, the quality of the parties' respective home environments, the parties' ability to provide for the child's emotional and intellectual development, the financial status of the parties, and the needs and expressed desires of the child all support the court's custody determination (*see Eschbach v Eschbach*, 56 NY2d 167, 172-173; *Fox v Fox*, 177 AD2d 209, 210).  The child, who was 13 years old at the time of the hearing, expressed her desire to reside with the father and, given her age and relative maturity, her wishes "were entitled to substantial weight" (*Matter of Louis M. v Administration for Children's Servs.*, 69 AD3d 633, 634; *see Matter of Samuel S. v Dayawathie R.*, 63 AD3d 746, 747).  We thus conclude that the court's best interests determination was "based on [a] careful weighing of the appropriate factors . . . , including the court's firsthand assessment of the character and credibility of the parties and their witnesses," and we see no basis to disturb that determination (*Matter of Armstrong v Robinson*, 66 AD3d 1365, 1365, *lv denied* 13 NY3d 713 [internal quotation marks omitted]; *see Matter of Tisdale v Anderson*, 100 AD3d 1517, 1517-1518).

The mother further contends that the court's finding that she willfully violated the divorce judgment is not supported by the weight of the evidence.  Initially, we note that there is no finding of contempt against the mother in the order appealed from, and there is no other order in the record containing such a finding.  Rather, in its bench decision on the father's modification and contempt petitions, the court found the mother in contempt of court, and stated that it would consider the mother's violation of the divorce judgment as "relevant to [its] findings in the custody and visitation matter."  There is thus no appealable civil contempt determination (*see Matter*

of *Culton v Culton*, 277 AD2d 935, 936; *see generally Fang v Home Depot USA, Inc.*, 99 AD3d 1236, 1236; *Geddes Fed. Sav. & Loan Assn. v Ferrante*, 244 AD2d 965, 965).

In any event, we reject the mother's contention that the court's finding of a willful violation is not supported by the weight of the evidence.  Indeed, the evidence, including the mother's own testimony, supported the court's finding that the mother failed to comply with that part of the divorce judgment regarding travel expenses for visitation (*see Matter of Keefe v Adam*, 85 AD3d 1225, 1227; *Matter of Brown v Marr*, 23 AD3d 1029, 1030-1031).  To the extent that the mother challenges the court's consideration of her violation of the divorce judgment in making its custody determination, we conclude that the court had discretion to consider that violation as part of its best interests analysis (*see West v Vanderhorst*, 92 AD3d 615, 616; *Matter of Seacord v Seacord*, 81 AD3d 1101, 1103-1104).

Finally, the father's contention that the court should have imposed contempt sanctions against the mother and awarded him attorney's fees is not properly before us inasmuch as he abandoned his cross appeal (*see generally Bennett v McGorry*, 34 AD3d 1290, 1291; *Matijiw v New York Cent. Mut. Fire Ins. Co.*, 292 AD2d 865, 866).

Entered:  March 22, 2013                     Frances E. Cafarell
                                             Clerk of the Court