■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEVEN LIBIN, Appellant, v ALEXANDER BERKOVITCH et al., Respondents. [971 NYS2d 161]—

In a habeas corpus proceeding pursuant to Domestic Relations Law § 70, the father appeals, as limited by his brief, from

so much of an order of the Supreme Court, Nassau County (Zimmerman, J.), dated July 16, 2012, as denied those branches of his cross motion which were pursuant to Domestic Relations Law § 76-a to modify a stipulation regarding grandparent visitation with the subject child so as to vacate the provision in the stipulation that the Supreme Court was to exercise exclusive, continuing jurisdiction over matters relating to the stipulation.

Ordered that the order is affirmed insofar as appealed from, with costs.

The father and his late wife were living in Israel when their daughter (hereinafter the child) was born in February 2008. After the sudden death of the father's wife shortly after the child's birth, the father entered into a temporary guardianship agreement with his late wife's parents (hereinafter together the maternal grandparents), which awarded them temporary custody of the child, and provided that the child would live with the maternal grandparents in New York. The father then commenced this habeas corpus proceeding in the Supreme Court, Nassau County, seeking sole custody of the child, and requesting the court to nullify the temporary custody arrangement.

On October 2, 2008, the parties entered into a stipulation (hereinafter the stipulation), which provided that the father would immediately have full custody of the child, and the maternal grandparents would have monthly visitation over a four-day weekend, plus one full week in summer. The stipulation also included a clause (hereinafter the no radius clause) that provided that no inference would be drawn to "create[ ] any form of radius clause" so as to limit the distance between the father's residence and that of the maternal grandparents, and recited that the Supreme Court "shall retain exclusive jurisdiction over this matter for the purpose of enforcing, modifying or interpreting the terms of this agreement."

Visitation with the maternal grandparents proceeded uneventfully for more than three years, during which time the child lived with the father's parents (hereinafter together the paternal grandparents) on Long Island, where the father appears to have intermittently resided, except for the five-month period commencing around February 2011, when he remained in Israel. When the maternal grandparents contacted the paternal grandparents to arrange for their weekend visit in July 2011, they learned that the father had taken the child to Israel, where the father was getting married.

In August 2011, the maternal grandparents moved by order to show cause to adjudge the father in contempt of the stipulation, which also required the parties to endeavor to be in "direct

verbal contact" regarding the child and compliance with the stipulation.

In his first response to the Supreme Court on December 6, 2011, the father asserted that he had full custody of the child, and that the child was living with him and his new wife in Jerusalem. The father simultaneously cross-moved to vacate or modify the stipulation so as to substitute a different schedule for the maternal grandparents' visitation with the child, based on the child's residence in Israel, and have the Supreme Court relinquish exclusive, continuing jurisdiction over the modified visitation schedule in favor of the Israeli courts. In response, the attorney for the child proposed a visitation schedule, providing more frequent and longer periods of visitation with the maternal grandparents than the father had suggested. The attorney for the child also argued that the Supreme Court should retain exclusive, continuing jurisdiction over matters relating to the maternal grandparents' visitation. The Supreme Court retained exclusive jurisdiction, and essentially adopted the visitation schedule proposed by the attorney for the child.

The father's conclusory assertion that the more liberal visitation awarded to the maternal grandparents is not in the child's best interests is without merit. The father never disputed that visitation with the maternal grandparents was in the child's best interests under the circumstances of this case, as, along with the paternal grandparents, they were the child's primary caregivers for the first four years of her life, and remain the child's sole connection to her deceased mother. Furthermore, the modified schedule is specifically tailored to accommodate the demands of the child's residence with the father and his new family in Israel, without subjecting the child to excessive travel or disturbing her daily life.

Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, as codified in Domestic Relations Law § 76-a, a court in this state that makes an initial custody determination retains exclusive, continuing jurisdiction over such determination until a court of this state finds that jurisdiction should terminate because, inter alia, the child does not have a " 'significant connection' " with New York, and " 'substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships' " (*Matter of Wnorowska v Wnorowski*, 76 AD3d 714, 714 [2010], quoting Domestic Relations Law § 76-a [1] [a]; *see Bjornson v Bjornson*, 20 AD3d 497, 499 [2005]).

In entering into the stipulation, the father expressly agreed that New York courts were to exercise exclusive, continuing ju-

risdiction over the maternal grandparents' visitation with the child, despite the fact that the Supreme Court had full knowledge that he lived in Israel and would continue to reside in Israel. The no radius clause that was included in the stipulation also reflects that, at the time when the father agreed to the terms of the stipulation, he anticipated that he would not always reside in New York, and that he might move away from New York at some time in the future. Further, during the more than three years in which the paternal grandparents and the maternal grandparents acted as the child's primary caregivers, the father remained in Israel without objecting to the jurisdiction of the courts of this State on the ground that they were "inconvenient." Accordingly, the Supreme Court properly concluded that it retained exclusive, continuing jurisdiction over the stipulation, as modified to reflect the child's new residence in Israel (cf. *Matter of Belcher v Lawrence*, 98 AD3d 197 [2012]; *Matter of Wnorowska v Wnorowski*, 76 AD3d at 714; *DeJac v DeJac*, 17 AD3d 1066 [2005]).

The father's remaining contentions are not properly before this Court. Angiolillo, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.