In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, by permission, from an order of the Family Court, Suffolk County (Boggio, Ct. Atty. Ref.), dated February 21, 2013, which denied her motion to dismiss the *950 father’s petition to modify a prior order of custody so as to award him sole legal and residential custody of the subject child.
Ordered that the order is affirmed, with costs.
On April 7, 2011, the parties, who are separated but not divorced, agreed to an order of joint custody whereby the mother would have primary physical custody of the subject child in Florida, but the child would spend four months a year in New York with the father. After the mother failed to comply with the terms of that order, the father petitioned to modify the order of custody so as to award him sole legal and residential custody of the child. On October 3, 2012, upon the mother’s oral application, the Family Court dismissed the father’s petition on the basis that the child had resided outside of New York for more than six months and that, accordingly, New York no longer had jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A, §75 et seq.) On January 7, 2013, the father again petitioned to modify custody, and the mother moved to dismiss the petition for lack of jurisdiction. The court found that it had continuing jurisdiction over the matter pursuant to Domestic Relations Law § 76-a (1) and denied the mother’s motion.
The Family Court improperly granted the mother’s oral application to dismiss the father’s prior custody petition for lack of jurisdiction. The court failed, as required by Domestic Relations Law § 76-a (1), to determine whether the child, or the child and a parent, had a significant connection to the State of New York, or whether substantial evidence was available in this state or to determine whether New York was an inconvenient forum based upon the factors set forth in Domestic Relations Law § 76-f (2) (see Matter of Recard v Polite, 21 AD3d 379, 379-380 [2005]; see also Matter of Frank MM. v Lorain NN, 103 AD3d 951, 952 [2013]; Matter of Guzman v Guzman, 92 AD3d 679, 680-681 [2012]; Matter of Wnorowska v Wnorowski, 76 AD3d 714, 714-715 [2010]; Matter of Sutton v Sutton, 74 AD3d 1838, 1839-1840 [2010]).
Further, the Family Court correctly determined that New York had exclusive, continuing jurisdiction to determine custody pursuant to Domestic Relations Law § 76-a. It is undisputed that the initial child custody determination was rendered in New York, and there is “ ‘ample evidence of a significant connection by the child with this state for Family Court to retain jurisdiction’ ” (Matter of Mercado v Frye, 104 AD3d 1340, 1341 [2013], quoting Matter of Hissam v Mancini, 80 AD3d 802, 803 [2011]; see Domestic Relations Law § 76-a [1] [a]). The father’s extensive parenting time took place in New York, the child has *951 relationships with a half-sibling and extended family in New York, and the father has furthered the child’s education and attended to her medical care in New York (see Matter of Mercado v Frye, 104 AD3d at 1341; Matter of Wnorowska v Wnorowski, 76 AD3d at 714-715; Matter of Sutton v Sutton, 14: AD3d at 1839; Matter of Blerim M. v Racquet M., 41 AD3d 306, 310 [2007]; Bjornson v Bjornson, 20 AD3d 497, 499 [2005]; see also Vernon v Vernon, 100 NY2d 960, 972 [2003]). Accordingly, the court correctly concluded that the child has a substantial connection to New York, that there was adequate evidence in this state regarding her present and future well-being, and that jurisdiction in the courts of this state is proper (see Domestic Relations Law § 76-a [1]).
The mother’s remaining contention is without merit. Rivera, J.E, Skelos, Chambers and Hall, JJ., concur.