# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

502

CAF 12-02358

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF CRYSTAL ABBOTT,
PETITIONER-APPELLANT-RESPONDENT,

V                                                MEMORANDUM AND ORDER

DAVID MERRITT, RESPONDENT-RESPONDENT-APPELLANT.

---

LESLEY C. GERMANOW, FULTON, FOR PETITIONER-APPELLANT-RESPONDENT.

LINDA M. CAMPBELL, SYRACUSE, FOR RESPONDENT-RESPONDENT-APPELLANT.

A.J. BOSMAN, ATTORNEY FOR THE CHILDREN, ROME.

---

Appeal and cross appeal from an order of the Family Court, Oswego County (Donald E. Todd, A.J.), entered November 14, 2012 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded sole legal custody of the children of the parties to respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In October 2011, petitioner mother and respondent father agreed to a stipulated order that, inter alia, gave them joint legal custody of their children, with the father having primary physical custody and the mother having liberal visitation. At the time, the father lived in North Carolina and the mother was in the process of relocating to North Carolina. The mother, however, returned to New York in December and filed a petition seeking to enforce the stipulated order in January 2012. The mother thereafter filed a petition seeking to modify the stipulated order by requesting that Family Court grant her primary physical custody of the children. After a hearing, the court granted the father sole legal and primary physical custody of the children and granted the mother liberal visitation. The mother appeals and the father cross-appeals.

We reject the father's threshold procedural contention on his cross appeal that the stipulated order vested jurisdiction in the North Carolina courts. The stipulated order merely allowed either party to petition a North Carolina court to modify visitation; it did not require a party to do so. In any event, "parties cannot, by agreement, confer jurisdiction on either state" (*DeJac v DeJac*, 17 AD3d 1066, 1068; *see Arnold v Harari*, 4 AD3d 644, 646). We reject the father's further contention on his cross appeal that the court erred

in denying his motion to stay the mother's enforcement petition and to transfer the proceeding to North Carolina on the ground that New York was an inconvenient forum.  The record supports the court's determination that the factors set forth in Domestic Relations Law § 76-f (2) favored New York retaining jurisdiction.  In particular, the record establishes that the children have not resided in North Carolina for very long; the father has more financial resources than the mother to enable him to travel to New York for court proceedings; and the New York courts have had prior involvement with the parties (*see Matter of Mercado v Frye*, 104 AD3d 1340, 1341, *lv denied* 21 NY3d 859; *Matter of Sutton v Sutton*, 74 AD3d 1838, 1839-1840).  While the father asserted that much of the evidence needed at the hearing would come from North Carolina, we note that the court allowed the father to present the testimony of several witnesses via telephone (*see Mercado*, 104 AD3d at 1341; *DeJac*, 17 AD3d at 1067-1068).  We also reject the father's contention on his cross appeal that the final ordering paragraph of the court's order must be stricken.  In that paragraph, the court stated that it would "maintain exclusive, continuing jurisdiction over th[e] matter," but it was "pursuant to Domestic Relations Law § 76-a."  The court's reference to section 76-a indicates that the court would not continue to exercise jurisdiction over the matter if it becomes inappropriate to do so.  We reject the father's final contention on his cross appeal that the visitation schedule grants excessive visitation to the mother (*cf. Cesario v Cesario*, 168 AD2d 911, 911).  Indeed, we note that the visitation schedule ordered by the court was in large part proposed by the father during his testimony.

Contrary to the mother's contention on her appeal, we conclude that the court's custody determination has a sound and substantial basis in the record (*see Mercado*, 104 AD3d at 1341-1342).  The record establishes the requisite change in circumstances inasmuch as the mother has moved back to New York, thus rendering the visitation schedule set forth in the stipulated order impractical (*see Matter of Rohan AA. v Lonna CC.*, 109 AD3d 1051, 1053).  In addition, the record further establishes that the parties are unable to communicate or make joint decisions (*see Matter of Murphy v Wells*, 103 AD3d 1092, 1093, *lv denied* 21 NY3d 854; *Matter of Anthony MM. v Jacquelyn NN.*, 91 AD3d 1036, 1037).  Contrary to the mother's further contention on her appeal, the court did not err in awarding the father sole legal custody despite the absence of a petition seeking that relief.  "[T]he issue of an award of custody to any party was properly before the court [because, i]n a child custody proceeding, a court has the authority to enter orders for custody . . . as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties and to the best interests of the child" (*Matter of Hall v Porter*, 52 AD3d 1289, 1289 [internal quotation marks omitted]).

The mother's contention on her appeal that the stipulated order should have been vacated on the ground of fraud is not preserved for our review because she did not move to vacate the stipulated order (*see generally Matter of York v Zullich*, 89 AD3d 1447, 1448; *cf. Matter of Di Fiore v Scott*, 2 AD3d 1417, 1418).  The mother further

contends that the court erred in finding that her enforcement petition was moot and that the father should be held in contempt for failing to comply with the stipulated order.  We note, however, that the mother never filed a violation petition or requested that the father be held in contempt.  Inasmuch as the court modified the stipulated order, we conclude that it properly held that the mother's petition seeking to enforce that order was moot.  The mother failed to object to the court taking telephonic testimony of witnesses and therefore failed to preserve for our review her contention with respect to that telephonic testimony (*see generally York*, 89 AD3d at 1448).  In any event, that contention is without merit (*see* Domestic Relations Law § 75-j [2]; *Matter of Kelly v Krupa*, 63 AD3d 1395, 1396).  Finally, the mother's challenge to one of the court's temporary orders of visitation was rendered moot by the final order of custody and visitation (*see Matter of Ramirez v Velez*, 78 AD3d 1062, 1062-1063; *Posporelis v Posporelis*, 41 AD3d 986, 988; *Moody v Sorokina*, 40 AD3d 14, 19, *appeal dismissed* 8 NY3d 978, *reconsideration denied* 9 NY3d 887).

Entered:  June 13, 2014                                              Frances E. Cafarell
                                                                     Clerk of the Court