Appeal and cross appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered August 30, 2013 in a proceeding pursuant to Family Court Act article 6. The order, among other things, modified a prior custody order by awarding respondent-petitioner primary physical custody of the parties’ child, with visitation to petitioner-respondent.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-respondent mother appeals and respondent-petitioner father cross-appeals from an order that, inter alia, granted the father’s cross petition seeking to modify a prior custody order entered upon the consent of the parties by awarding him primary physical custody of the parties’ child, with visitation to the mother. Initially, we note that the parties correctly agree that the evidence at the hearing established “ ‘a change in circumstances [that] reflects a real need for change to ensure the best interest^] of the child’ ” (Matter of Di Fiore v *1369 Scott, 2 AD3d 1417, 1417 [2003]; see Matter of Carey v Windover, 85 AD3d 1574, 1574 [2011], lv denied 17 NY3d 710 [2011]). Under the prior order, the parties shared residential custody of the child, with the child moving from one parent to the other on Wednesdays. That schedule was no longer practical upon the child’s attainment of school age (see Matter of Dickerson v Robenstein, 68 AD3d 1179, 1179-1180 [2009]; see also Matter of Claflin v Giamporcaro, 75 AD3d 778, 779-780 [2010], lv denied 15 NY3d 710 [2010]).
Contrary to the mother’s contention on appeal, Family Court did not abuse its discretion in awarding the father custody of the child during those days of the week when school is in session. “Generally, a court’s determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record” (Matter of Krug v Krug, 55 AD3d 1373, 1374 [2008] [internal quotation marks omitted]). We see no basis to disturb the court’s determination inasmuch as it was based on the court’s credibility assessments of the witnesses and “is supported by a sound and substantial basis in the record” (Matter of Angel M.S. v Thomas J.S., 41 AD3d 1227, 1228 [2007]). Contrary to the mother’s further contention, she failed to submit any expert testimony or evidence establishing that it was in the child’s best interests to attend school in the Town of Clinton and, instead, presented only her own speculative testimony with respect thereto (cf. Matter of Crudele v Wells [appeal No. 2], 99 AD3d 1227, 1228 [2012]).
Contrary to the father’s contention on his cross appeal, the visitation schedule set by the court does not grant excessive visitation to the mother (cf. Cesarlo v Cesario, 168 AD2d 911, 911 [1990]). “Indeed, we note that the visitation schedule ordered by the court was in large part proposed by the father during his testimony” (Matter of Abbott v Merritt, 118 AD3d 1309, 1310 [2014]).
Present — Smith, J.P., Peradotto, Carni, Valentino and DeJoseph, JJ.