# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1167**
**CAF 15-01575**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF MICHELLE K. RUSIECKI,
PETITIONER-APPELLANT,

V             MEMORANDUM AND ORDER

AARON J. MARSHALL, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

DEBORAH J. SCINTA, ORCHARD PARK, FOR PETITIONER-APPELLANT.

NUCHERENO & NAGEL, BUFFALO (MARTEN R. VIOLANTE OF COUNSEL), FOR RESPONDENT-RESPONDENT.

MICHELE A. BROWN, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered August 18, 2015 in a proceeding pursuant to Family Court Act article 6. The order granted respondent's motion to dismiss the petition and dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated, and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner mother commenced this proceeding seeking to modify a June 2011 custody order, entered by a court in the State of Florida, which granted respondent father permission to relocate with the child to New York. The father and the child relocated to New York in June 2011, and the mother relocated to New York in August 2011. The parties continued to reside in New York through March 2015, when the mother commenced the instant proceeding. We agree with the mother that Family Court erred in granting the father's motion to dismiss her petition for lack of jurisdiction on the ground that the Florida court's order expressly provided that it retained jurisdiction over the matter.

Preliminarily, we note that the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) has been adopted by both New York and Florida (*see* Domestic Relations Law art 5-A; Fla Stat § 61.501 *et seq.*).

We conclude that the New York court has jurisdiction to modify the order of the Florida court, notwithstanding the Florida court's reservation of jurisdiction. Pursuant to Domestic Relations Law

§§ 76-b (2) and 76 (1) (a), a New York court may modify a child custody determination of another state when "[a] court of this state . . . determines that the child[ and] the child's parents . . . do not presently reside in the other state" (§ 76-b [2]), and New York "is the home state of the child on the date of the commencement of the proceeding" (§ 76 [1] [a]).  Here, it is undisputed that New York was the child's home state as of the commencement of the proceeding (*see* § 75-a [7]), and that the child and both of the parties had lived in New York since 2011 (*see Matter of Guzman v Guzman*, 92 AD3d 679, 680; *cf. Matter of Saunders v Hamilton*, 75 AD3d 1172, 1173, *lv denied* 15 NY3d 713).  Contrary to the father's contention, the four-year period during which the child lived in New York cannot be considered a temporary absence from Florida for purposes of the UCCJEA inasmuch as the child was enrolled in school in New York and there is no indication in the record that she returned to Florida during that period (*see Matter of Clouse v Clouse*, 110 AD3d 1181, 1182-1183, *lv denied* 22 NY3d 858; *see generally Matter of Felty v Felty*, 66 AD3d 64, 70-72).

Contrary to the contention of the Attorney for the Child, this appeal has not been rendered moot by the commencement of subsequent proceedings in Florida inasmuch as no orders have been entered in those proceedings (*cf. Matter of Morgia v Horning*, 119 AD3d 1355, 1355).  We conclude, however, that the New York court was required by Domestic Relations Law § 76-e to confer with the Florida court upon learning that the father commenced a subsequent proceeding in Florida, and the court failed to do so (*see Guzman*, 92 AD3d at 681).  Consequently, we reverse the order, deny the motion to dismiss, reinstate the petition, and remit the matter to Family Court to make the requisite contact with "the Florida court so that the courts of the two states may confer with each other and determine which state is the more appropriate forum for this proceeding at this juncture" (*id.*; *see generally Matter of Andrews v Catanzano*, 44 AD3d 1109, 1110-1111).

In light of the foregoing, we do not address the mother's remaining contentions.

Entered:  February 3, 2017                     Frances E. Cafarell
                                               Clerk of the Court