■ ERIC BJORNSON, Respondent, v ELIZABETH F. BJORNSON, Appellant. [799 NYS2d 250]—

In a matrimonial action in which the parties were divorced by judgment dated April 24, 2002, the defendant mother appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Sunshine, J.), dated January 4, 2005, as granted that branch of the plaintiff father's motion which was to enjoin her from removing the parties' child from New York State pending determination of the plaintiff father's application to modify the custody provisions of the judgment to award him sole custody of the parties' child, and denied her cross motion, in effect, to dismiss the matter on the ground that the Supreme Court lacked jurisdiction under the Uniform Child Custody and Jurisdiction Act and to return the child to her.

Ordered that the order is affirmed insofar as appealed from, with costs.

By judgment of divorce dated April 24, 2002, the parties, inter alia, were awarded joint custody of their child. Physical custody was awarded to the mother, with reasonable visitation to the father. Pursuant to a written agreement between the parties, the mother and child lived in Norway for the period beginning in the summer of 2002 through the summer of 2004, to permit the mother to further her education. The father had visitation during that period. By letter dated June 3, 2004, the father was advised by legal counsel hired by the mother in Norway that she wished to remain there permanently with the child and would not return to the United States until the matter was resolved. Subsequently, the father retained an attorney and the parties agreed that the child would be returned to New York for visitation with the father from September 10, 2004, until October 2, 2004.

In September 2004, while the child was in the custody of the father in New York, the father moved, among other things, to modify the custody provisions of the judgment to award him sole custody of the child. The mother cross-moved, inter alia, in effect, to dismiss the matter on the ground that the Supreme Court lacked jurisdiction under the Uniform Child Custody Jurisdiction Act (hereinafter UCCJA) (*see* Domestic Relations Law former art 5-A) because New York was no longer the child's "home state." The Supreme Court, among other things, determined that New York State had jurisdiction over the matter pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA) (*see* Domestic Relations Law art 5-A), and directed that the child remain in New York pending a determination of the father's motion.

Contrary to the mother's contention on appeal, the UCCJEA, not the UCCJA, is controlling. The UCCJEA, which superseded the UCCJA, is applicable, inter alia, to all actions or proceedings commenced on or after its effective date of April 28, 2002, and to all motions or other requests for relief in a child custody proceeding made on or after the effective date, even if the child custody proceeding was commenced before that date (L 2001, ch 386, § 2).

A child custody proceeding is defined in the UCCJEA as, among other things, a proceeding where custody is at issue, including an action for a divorce (*see* Domestic Relations Law § 75-a [4]). Here, the father's motion was made in the matrimonial action in September 2004, after the effective date of the UCCJEA.

In relevant part, the UCCJEA provides:

"1. Except as otherwise provided for in section seventy-six-c of this title [provisions concerning temporary emergency jurisdiction], a court of this state which has issued a child custody determination consistent with section seventy-six or seventy-six-b of this title has exclusive, continuing jurisdiction over the determination until:

"(a) a court of this state determines that neither the child, the child and [a] parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships; or

"(b) a court of this state or a court of another state determines that the child or the child's parents, and any person acting as a parent do not presently reside in this state." (Domestic Relations Law § 76-a [1]).

Here, it was undisputed that the child custody determination made in the judgment of divorce was consistent with the UCCJEA. Further, contrary to the mother's contention, the record did not support a conclusion that neither she nor the child lacked a significant connection to New York and that substantial evidence was no longer available in this state concerning the child's care, protection, training, and personal relationships. Thus, the Supreme Court has jurisdiction over the matter under the UCCJEA.

The mother's remaining contention is without merit. H. Miller, J.P., Cozier, Ritter and Fisher, JJ., concur.