■ In the Matter of Anthony Ferris, Respondent, v Ivy Quinones, Appellant. [843 NYS2d 676]—

In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals, by permission, from an order of the Family Court, Kings County (Silber, J.), dated September 11, 2006, which awarded interim supervised visitation to the father and, in effect, denied her motion to dismiss the father's petition.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings on the father's petition and the mother's motion, consistent herewith.

On February 10, 2006 the parties' child was born out of wedlock in New York. According to the father's petition, the mother "obtained custody" of the child at birth, but it appears that there was no court order or proceeding with respect to custody or visitation. In late March or early April 2006, the mother relocated with the child to Texas, and the father filed a petition for visitation with the Family Court on or about April 19, 2006. The mother moved to dismiss the petition on the grounds that New York was not the child's home state and was an inconvenient forum. The Family Court denied the mother's motion, and awarded the father interim weekly supervised visitation. The mother has appealed, and this Court has stayed enforcement of the order pending the determination of the appeal.

The Family Court had jurisdiction to hear the father's petition as New York was the home state of the child pursuant to Domestic Relations Law § 75-a (7). However, pursuant to Domestic Relations Law § 76-f, a court of this state which has jurisdiction may decline to exercise it, if it finds that New York is an inconvenient forum and that a court of another state is a more appropriate forum (*see* Domestic Relations Law § 76-f [1]; *Matter of Greenidge v Greenidge,* 16 AD3d 583, 584 [2005]; *Matter of Rey v Spinetta,* 8 AD3d 393, 394 [2004]). In denying the mother's motion to dismiss, the Family Court did not apply the statutory factors set forth in Domestic Relations Law § 76-f (2) (a)-(h) to determine whether New York was an inconvenient forum or whether the courts of Texas were a more appropriate forum (*see* Domestic Relations Law § 76-f [2]; *Schumaker v Opperman,* 187 AD2d 1033, 1033-1034 [1992]). Since there is a paucity of information in the record on that issue, this Court cannot reach its own determination.

Further, under the circumstances of this case, the Family Court erred in awarding weekly visitation to the father without conducting an inquiry as to the child's best interests (*see Colley v Colley,* 200 AD2d 839 [1994]).

Accordingly, we remit the matter to the Family Court, Kings County, for a new determination, based on the relevant statutory factors, as to whether New York is an inconvenient forum and the Texas courts are a more appropriate forum (*see* Domestic Relations Law § 76-f [2] [a]-[h]) and, if the Family Court determines that New York is the more appropriate forum, for a new determination on the father's petition for visitation.

We express no opinion with respect to what the ultimate determination of the Family Court should be as to either issue. Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.