OPINION OF THE COURT
Peters, EJ.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 1999) and a daughter (born in 2001). Pursuant to a 2005 New Hampshire judgment of divorce, they were awarded joint legal custody of the children with primary physical custody to the mother and liberal visitation to the father. The father thereafter relocated to New York. In 2006, he commenced a proceeding to modify the New Hampshire custody order. The mother, who did not reside in New York, appeared and was represented by counsel. By order entered in 2007, Family Court (Abramson, J.) granted the father sole legal and physical custody of the son and set visitation between the parents and the children. The mother subsequently relocated with the daughter to Virginia, where she has since resided.
In August 2011, the father commenced this proceeding seeking sole custody of the daughter on the ground that the mother’s husband had neglected her and subjected her to repeated acts of physical abuse. The petition also alleged that the mother’s husband had physically abused the son during a recent visit, and sought to modify the prior order by requiring that visitation between the son and the mother occur outside the presence of the mother’s husband. Family Court (Hall, J.) placed the daughter in the temporary custody of the father, and the mother moved to dismiss the petition for lack of jurisdiction with regard to the daughter.[1] Following oral arguments, Family Court found that it lacked jurisdiction to make a child custody determination with respect to the daughter and that, although it had exclusive continuing jurisdiction to determine issues of custody and visitation with regard to the son, New York was “the least convenient forum” to address those claims. Accordingly, Family *200 Court dismissed the petition and this appeal by the father ensued.[2]
We reverse. Pursuant to Domestic Relations Law § 76-a, a court of this state that has made a child custody determination maintains exclusive continuing jurisdiction over that determination until certain circumstances exist divesting the court of such jurisdiction. Initially, Family Court erroneously found that, because its prior order addressed custody only with respect to the son, the court did not have continuing exclusive jurisdiction as to the issue of custody of the daughter. “Child custody determination” is defined, however, as “a judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child” (Domestic Relations Law § 75-a [3] [emphasis added]). Thus, as the 2007 order addressed visitation with respect to the daughter, it constituted a prior “[c]hild custody determination” over which Family Court maintained continuing jurisdiction (Domestic Relations Law § 75-a [3]).
As Family Court had continuing exclusive jurisdiction over custody matters involving the daughter, that jurisdiction continued until it is determined, as relevant here, that “neither the child [nor] the child and one parent . . . have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships” (Domestic Relations Law § 76-a [1] [a]). Although Family Court never reached this issue in light of its finding that the 2007 order did not constitute a child custody determination with respect to the daughter, the parties fully argued and briefed it before Family Court and, upon our independent review, we find that Family Court retained jurisdiction over the proceeding.
The father has lived continuously in New York since 2005. This state is also the home of the daughter’s brother, who has now resided here for the past seven years. The daughter visited with the father and her brother several times each year in New York, including summer vacations and various holidays. Moreover, in the prior custody proceeding, New York exercised jurisdiction over the daughter, an attorney for the child was appointed to represent her and, following a fact-finding hearing, Family Court made decisions about her best interests. Thus, the *201 daughter continued to have a significant connection to New York (see Matter of Hissam v Mancini, 80 AD3d 802, 803 [2011], lv dismissed and denied 16 NY3d 870 [2011]; Matter of Sutton v Sutton, 74 AD3d 1838, 1839 [2010]; Bjornson v Bjornson, 20 AD3d 497, 497 [2005]; compare Matter of Zippo v Zippo, 41 AD3d 915, 916 [2007]; Matter of King v King, 15 AD3d 999, 1000-1001 [2005]).
Furthermore, although the events that form the basis of the petition occurred in Virginia, we find that substantial evidence pertaining to those events, as well as the ultimate issue of custody, lie within this state (see Matter of Destiny EE. [Karen FF.], 90 AD3d 1437, 1441-1442 [2011], lv dismissed 19 NY3d 856 [2012]). The allegations in the petition center mainly around the alleged abuse and mistreatment of the daughter, who is currently residing in this state albeit on a temporary basis. The son allegedly witnessed the abuse committed upon the daughter and was himself the victim of abuse and neglect. Furthermore, the father witnessed the bruising and other injuries suffered by the daughter, and possesses evidence regarding a conversation he had with the mother following the incident in which she purportedly stated that the physical abuse was “no big deal and well deserved.”[3] All of these individuals are present in New York and can provide significant evidence relevant to the determination at issue. Moreover, evidence regarding what custodial arrangement would serve the daughter’s best interests is equally present in New York and, given that Family Court presided over the most recent custody proceeding involving these children, it is the New York courts — not those of Virginia — that possess pertinent information regarding the parties’ past circumstances. Applying the “flexible approach” of Domestic Relations Law § 76-a (1) (a) to the facts of this case (Vernon v Vernon, 100 NY2d 960, 971 [2003]), the record supports the conclusion that the daughter continued to have a significant connection to New York and that substantial evidence exists in this state regarding her care, protection, training and personal relationships (see id.; Matter of Hissam v Mancini, 80 AD3d at 803; Matter of Sutton v Sutton, 74 AD3d at 1839; Bjornson v Bjornson, 20 AD3d at 497).
Nor are we persuaded by the mother’s contention that the petition should be dismissed on the ground that New York is an *202 inconvenient forum (see Domestic Relations Law § 76-f). We note in particular that this case involves allegations that the children were subject to violence, mistreatment and abuse by the mother’s husband (see Domestic Relations Law § 76-f [2] [a]). Furthermore, much of the evidence underlying the allegations of the petition — particularly the testimony of the children — is located in New York (see Domestic Relations Law § 76-f [2] [f]) and, to the extent that such proof or evidence relating to the best interests of the daughter is available in Virginia, this evidence may be submitted by way of, among other things, depositions or testimony “by telephone, audiovisual means, or other electronic means” (Domestic Relations Law § 75-j [2]). In addition, having heard the previous custody matter involving these children, the New York Family Court has the ability to expeditiously resolve this matter and is far more familiar with the case than the Virginia courts (see Domestic Relations Law § 76-f [2] [g], [h]). Under these circumstances, we are unable to conclude that New York is an inconvenient forum for resolution of the petition (see DeJac v DeJac, 17 AD3d 1066, 1067 [2005], lv denied 20 AD3d 946 [2005]; compare Matter of Jenkins v Jenkins, 9 AD3d 633, 635-636 [2004], lvs dismissed 5 NY3d 881 [2005], 6 NY3d 751 [2005]).
Finally, inasmuch as it is undisputed that Family Court had jurisdiction to modify its 2007 custody order with respect to the son, as he has continuously lived in New York since 2005 (see Domestic Relations Law § 76-a [1] [a]), and given that the issue of custody of the daughter — which involves the same allegations underlying the request for a modification of the son’s visitation — will be litigated in New York, we find that this state is the more appropriate and convenient forum to address issues of visitation with respect to the son (cf. Matter of Eisner v Eisner, 44 AD3d 1111, 1113-1114 [2007], lv denied 9 NY3d 816 [2007]). The mother’s remaining contentions, to the extent not specifically addressed herein, have been reviewed and found to be unpersuasive.
Lahtinen, Malone Jr., Stein and Garry, JJ., concur.
Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court’s decision.

. The mother did not dispute Family Court’s jurisdiction with regard to the son.

. This Court granted the father’s motion for a stay pending the outcome of this appeal.

. Although the mother’s attorney stated at the hearing that Virginia’s office of child protective services had investigated the matter, there is no evidence in the record of any such investigation or what it revealed.