■ In the Matter of MOUSTAFA ALY HASSAN, Appellant, v PRISCILLA SILVA, Respondent. [953 NYS2d 677]—

In two child custody proceedings pursuant to Family Court

Act article 6, and a related family offense proceeding pursuant to Family Court Act article 8, the father appeals, as limited by his brief, from so much of (1) two orders of the Family Court, Kings County (McElrath, J.), both dated June 10, 2011, as, upon finding that the Court of Common Pleas, Monroe County, Pennsylvania, was the more appropriate forum for the father to seek custody of the subject children, or obtain any other related relief, declined jurisdiction over the matters and dismissed his child custody and family offense petitions upon the ground that New York is an inconvenient forum, and (2) an order of the same court dated November 2, 2011, as, upon reargument, adhered to its original determination.

Ordered that appeals from the orders dated June 10, 2011, are dismissed, without costs or disbursements, as those orders were superseded by the order dated November 2, 2011, made upon reargument; and it is further,

Ordered that the order dated November 2, 2011, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the prior determination as dismissed the father's family offense petition, and substituting therefor a provision, upon reargument, vacating so much of the prior determination as dismissed the father's family offense petition, and thereupon reinstating that petition; as so modified, the order dated November 2, 2011, is affirmed insofar as appealed from, without costs or disbursements, and the orders dated June 10, 2011, are modified accordingly.

A court of this state which has jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-A [hereinafter UCCJEA]), may decline to exercise it if it finds that New York is an inconvenient forum and that a court of another state is a more appropriate forum (see Domestic Relations Law § 76-f [1]; Matter of Rey v Spinetta, 8 AD3d 393, 394 [2004]). The factors to be considered in making this determination include the length of time the child has resided outside the state, the distance between the court in this state and the court in the state or country that would assume jurisdiction, the nature and location of the evidence required to resolve the pending litigation, the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence, and the familiarity of the court of each state with the facts and issues in the pending litigation (see Domestic Relations Law § 76-f [2]; Matter of Mzimaz v Barik, 89 AD3d 948 [2011]). Here, the Family Court providently exercised its discretion in adhering to so much of its original determination as declined jurisdiction over the father's custody

petitions and dismissed those petitions on the ground that New York is an inconvenient forum. The children, who are now five and three years old, have lived in Pennsylvania since August 2010 with the father's permission and, therefore, evidence regarding their care, well-being, and personal relationships is more readily available in Pennsylvania. There is no evidence that the children retained substantial connections with New York or that significant evidence was in this State. The Court of Common Pleas, Monroe County, Pennsylvania (hereinafter the Pennsylvania court), was familiar with the family and the pending issues, having issued a final order of protection against the father in favor of the mother and children and an interim custody order in the mother's custody proceeding. Furthermore, the travel time between the courts is only 2½ hours. Finally, the Pennsylvania court is willing to exercise jurisdiction. Accordingly, the Family Court properly determined that the Pennsylvania court was a more appropriate forum to determine the issues of custody and visitation.

However, the father's family offense proceeding did not constitute a "child custody proceeding" within the meaning of the UCCJEA since it did not raise an issue of legal custody, physical custody, or visitation with respect to the children (see Domestic Relations Law § 75-a [4]). Accordingly, the Family Court erred in dismissing it pursuant to Domestic Relations Law § 76-f. All of the acts complained of in the petition occurred in New York (see Family Ct Act § 818).

The father's remaining contentions are without merit. Rivera, J.P., Chambers, Hall and Roman, JJ., concur.