■ In the Matter of FRANK MM. Appellant, v LORAIN NN., Respondent. (Proceeding No. 1.) In the Matter of FRANK MM.,

Appellant, v Lorain NN., Respondent. (Proceeding No. 2.) [960 NYS2d 232]—

Stein, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered February 9, 2012, which dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to, among other things, modify a prior court order.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) have two children (born in 1996 and 2001). In a February 2011 order, Family Court awarded the mother physical custody of the children and permitted her to relocate with them to Pennsylvania. Thereafter, a "dependency proceeding" was commenced in Pennsylvania regarding the older child (see 42 Pa Cons Stat § 6302 [Dependent child (1)]; see generally 42 Pa Cons Stat § 6301), stemming from allegations that he had sexual contact with the younger child. As a result of such proceeding, the older child was removed from the mother's custody and placed in foster care in Pennsylvania. In November 2011, Family Court modified the February 2011 custody order by giving the father specific visitation rights with respect to the younger child; however, the children continued to reside in Pennsylvania, and New York retained jurisdiction of custody matters.

In December 2011, the father filed the instant two petitions in New York—one alleging that the mother had violated the existing custody order by preventing him from having contact with the younger child (proceeding No. 1) and the other seeking to modify the custody order by awarding him custody of the older child (proceeding No. 2). On its own motion, Family Court found that New York was an inconvenient forum pursuant to Domestic Relations Law § 76-f and dismissed the two petitions. Upon the father's appeal, we now modify Family Court's order.

Where, as here, a New York court has continuing jurisdiction over a custody matter (see Domestic Relations Law § 76-a), it may decline to exercise such jurisdiction if it determines that New York is an inconvenient forum and that another state is a more appropriate forum (see Domestic Relations Law § 76-f [1]; Matter of Hassan v Silva, 100 AD3d 753, 754 [2012]; Matter of Kelly v Krupa, 63 AD3d 1395, 1395 [2009]). A determination as to whether a court is an inconvenient forum is left to the sound discretion of the trial court after consideration of eight enumerated factors (see Domestic Relations Law § 76-f [2] [a]-[h]; Matter of Hissam v Mancini, 80 AD3d 802, 803 [2011], lv dismissed

*and denied* 16 NY3d 870 [2011]; *Matter of Eisner v Eisner*, 44 AD3d 1111, 1113 [2007], *lv denied* 9 NY3d 816 [2007]).[1]

First addressing the petition to modify the custody order with respect to the older child (proceeding No. 2), we note that, while Family Court did not specifically address each and every factor, the record is sufficient to permit us to consider and evaluate such factors (*see Matter of Anthony B. v Priscilla B.*, 88 AD3d 590, 590 [2011]; *Matter of Sutton v Sutton*, 74 AD3d 1838, 1839 [2010]; *compare Matter of Wilson v Linn*, 79 AD3d 1767, 1768 [2010]). In this regard, allegations were made in Pennsylvania that the older child had sexually abused the younger child, and court proceedings were commenced—and were ongoing—in Pennsylvania concerning the older child's custody and his placement in the mother's home. The older child, the father and the mother have all appeared with appointed representation in such proceedings and the older child was removed from the mother's custody and placed in foster care in Pennsylvania. The Pennsylvania court and child protective agency are monitoring the older child's progress in foster care and, therefore, have access to relevant evidence to determine what custody arrangement is in that child's best interests.[2] Although the parties had agreed to continue New York's jurisdiction until February 2012, at the time the order now being appealed was rendered, the mother and the children had been residing in Pennsylvania—approximately 200 miles away—for almost one year. Under all of these circumstances, we find a sound and substantial basis in the record to support Family Court's determination that New York is an inconvenient forum to address issues of custody with respect to the older child (*compare Matter of Belcher v Lawrence*, 98 AD3d 197, 202 [2012]).

---

1. Such factors are: "(a) whether domestic violence or mistreatment or abuse of a child or sibling has occurred and is likely to continue in the future and which state could best protect the parties and the child; (b) the length of time the child has resided outside this state; (c) the distance between the court in this state and the court in the state that would assume jurisdiction; (d) the relative financial circumstances of the parties; (e) any agreement of the parties as to which state should assume jurisdiction; (f) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child; (g) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and (h) the familiarity of the court of each state with the facts and issues in the pending litigation" (Domestic Relations Law § 76-f [2] [a]-[h]).

2. We note that the basis for the father's modification petition is his allegation that a residential facility has become available in New York that would be a better placement for the older child. However, the father may suggest such placement alternative to the court in Pennsylvania that is presiding over the dependency proceeding.

We cannot, however, reach the same conclusion with respect to the violation petition regarding the younger child (proceeding No. 1). While many of the foregoing factors could support a determination that New York is an inconvenient forum to resolve such petition, there is very little in the record that connects the dependency proceeding—or any other proceeding—in Pennsylvania to the younger child. Indeed, the attorney for the younger child expressed concerns that this child's best interests were not being addressed in the Pennsylvania court, and the record does not contain sufficient information for us to determine which court is more familiar with the issues surrounding that child, or where the evidence necessary to resolve the relevant issues is located.[3] Because Family Court did not articulate its consideration of each of the factors relevant to the violation petition and the younger child, and we are unable to glean the necessary information from the record, the court's finding that New York was an inconvenient forum to resolve the violation petition is not supported by a sound and substantial basis in the record and must be reversed (see Matter of Wilson v Linn, 79 AD3d at 1768; Matter of Berg v Narolis, 64 AD3d 1188, 1189 [2009]).

Additionally, we note that, because the record is not clear as to whether a custody proceeding concerning the younger child was commenced and/or pending in Pennsylvania, we cannot ascertain whether Family Court was required to communicate with the Pennsylvania court before it rendered a determination that New York was not a convenient forum to retain jurisdiction over the violation petition (see Domestic Relations Law § 76-e [2]; Matter of Guzman v Guzman, 92 AD3d 679, 681 [2012]; Matter of Andrews v Catanzano, 44 AD3d 1109, 1110 [2007]).[4] Nor can we determine whether, if such communication was

---

**3.** The record suggests that prior custodial proceedings between the parties had occurred in New York, but does not reflect the extent of those proceedings. On the other hand, evidence regarding the violation petition is arguably located in Pennsylvania, inasmuch as there is an indication in the record that the mother was directed by child protective services there not to allow the younger child to have contact with the father, at least for a period of time.

**4.** To the extent that an argument has also been made that the order dismissing the modification petition should be reversed because Family Court did not communicate with the Pennsylvania court presiding over the older child's dependency proceeding (see Domestic Relations Law § 76-e [2]), we do not agree. The record does not clearly indicate whether such a communication occurred. The record does, however, include a letter to Family Court which indicates that, after a hearing to address jurisdictional issues, a "[j]uvenile [d]ependency [m]aster" recommended to the Pennsylvania court that it should retain jurisdiction over matters involving custody of the older child. Significantly, while Family Court should have communicated with the

required, it occurred (see Domestic Relations Law § 75-i [4]; *Matter of Joy v Kutzuk*, 99 AD3d 1049, 1051 [2012], *lv denied* 20 NY3d 856 [2013]; *see also* Domestic Relations Law § 75-i [2]). In any event, even if New York was not a convenient forum to resolve the violation petition, and communication between the courts was not required, the violation petition should not have been dismissed. Instead, Family Court should have stayed dismissal of that petition on the condition that an appropriate proceeding be commenced in Pennsylvania regarding the younger child to resolve the issues raised in that petition (see Domestic Relations Law § 76-f [3]; *DeJac v DeJac*, 17 AD3d 1066, 1067 [2005]). In view of the foregoing, Family Court's order dismissing the father's violation petition must be reversed.

Mercure, J.P., Spain and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the violation petition in proceeding No. 1; matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Pennsylvania court and made a record of that communication (see Domestic Relations Law §§ 76-e [2]; 75-i [1], [4]), there is no question that Family Court was aware of the Pennsylvania court proceeding and of that court's intent to retain jurisdiction over issues dealing with the older child. Moreover, a significant period of time has elapsed since Pennsylvania's custody order was made, and such order regarding the older child is entitled to full faith and credit (see *Matter of Wnorowska v Wnorowski*, 76 AD3d 714, 715 [2010]). Under these circumstances, reversal of Family Court's order as it relates to the modification petition and the older child is not warranted.