■ In the Matter of JESSICA MOJICA, Appellant, v KASEEM DENSON, Respondent. [991 NYS2d 443]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Matthews, Ct. Atty. Ref.), dated July 25, 2013, which granted the father's motion to dismiss, for lack of subject matter jurisdiction, her petition to modify an order of custody of the same court dated May 8, 2012, so as to award her sole custody of the parties' child.

Ordered that the order dated July 25, 2013, is reversed, on

the law, without costs or disbursements, the father's motion to dismiss the mother's petition for lack of subject matter jurisdiction is denied, and the matter is remitted to the Family Court, Queens County, for a hearing and a determination thereafter on the mother's petition.

Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified in article 5-A of the Domestic Relations Law (hereinafter UCCJEA), a court in this State that has made an initial custody determination has exclusive continuing jurisdiction over that determination until it finds, as is relevant here, that the child does not have a "significant connection" with New York, and "substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76-a [1] [a]; *see Matter of Wnorowska v Wnorowski*, 76 AD3d 714 [2010]). Here, while the subject child moved to Connecticut to live with her father approximately eight months before the mother petitioned to modify a prior order of custody so as to award her sole custody of the child, the record reveals that the child retained a significant connection to New York, including attending school and having frequent visitation with her mother in New York, and that substantial evidence was available in this state concerning her present and future welfare (*see Matter of Seminara v Seminara*, 111 AD3d 949 [2013]; *Matter of Blerim M. v Racquel M.*, 41 AD3d 306, 311 [2007]; *Bjornson v Bjornson*, 20 AD3d 497 [2005]). The child's significant connection to Connecticut does not diminish her significant connection to New York as well (*see Vernon v Vernon*, 100 NY2d 960, 972 [2003]). Accordingly, the Family Court erred in determining that it lacked exclusive, continuing jurisdiction over the matter, and in granting the father's motion to dismiss the petition for lack of subject matter jurisdiction (*see* Domestic Relations Law § 76-a).

After the Family Court improperly determined that it lacked exclusive, continuing jurisdiction over the matter, it, in effect, determined that, even if it had such jurisdiction, it would decline to exercise it. A court of this State that has jurisdiction under the UCCJEA may decline to exercise it if it finds that New York is an inconvenient forum and that a court of another state is a more appropriate forum (*see* Domestic Relations Law § 76-f [1]; *Matter of Hassan v Silva*, 100 AD3d 753 [2012]). However, the court is required to consider the factors set forth in Domestic Relations Law § 76-f (2) (a)-(h) before determining that New York is an inconvenient forum (*see Matter of Ferris v Quinones*, 44 AD3d 854 [2007]; *Matter of Rey v Spinetta*, 8 AD3d 393 [2004]; *Matter of Dawber v Kelly*, 287 AD2d 625 [2001]). The

Family Court failed to do so here. However, we need not remit the matter to the Family Court, Queens County, for consideration of the statutory factors because the record is sufficient for this Court to consider and evaluate those factors (*see Matter of Balde v Barry*, 108 AD3d 622 [2013]; *Matter of Sutton v Sutton*, 74 AD3d 1838 [2010]; cf. *Matter of Ferris v Quinones*, 44 AD3d 854 [2007]). Consideration of the relevant statutory factors, including the nature and location of relevant evidence, and the Family Court's greater familiarity than the courts of Connecticut with the facts and issues underlying the mother's modification petition, supports a conclusion that New York is not an inconvenient forum (*see Matter of Wnorowska v Wnorowski*, 76 AD3d 714 [2010]).

Contrary to the father's remaining contention, asserted as an alternative basis for affirmance (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]), the mother made an evidentiary showing sufficient to warrant a hearing on the petition to modify the prior order of custody (*see Matter of Ross v Ross*, 68 AD3d 878 [2009]; *Matter of Gurewich v Gurewich*, 58 AD3d 628 [2009]). Mastro, J.P., Dickerson, Cohen and Miller, JJ., concur.