■ In the Matter of JAYE MILLER, Appellant, v RICHARD SHAW, Respondent. (Proceeding No. 1.) In the Matter of RICHARD SHAW, Respondent, v JAYE MILLER, Appellant. (Proceeding No. 2.) [999 NYS2d 192]—

Appeal from an order of the Family Court, Kings County (W. Franc Perry, J.), dated October 16, 2013. The order, insofar as appealed from, dismissed the mother's petition to modify an order of custody and visitation.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the mother's peti-

tion is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings.

In an order of the Family Court dated March 26, 2007, the father was awarded sole custody of the subject child, with visitation to the mother. The father relocated with the child to Virginia in 2009. In 2012, both parties filed petitions to modify the order dated March 26, 2007. In the midst of a hearing on the petitions, the Family Court directed the parties to submit papers on the issue of whether the New York courts had jurisdiction to hear this matter, in light of the father's relocation with the child. After the parties and the attorney for the child submitted memoranda of law, the court, in the order appealed from, declined to exercise jurisdiction, finding that Virginia was the more appropriate and convenient forum, and dismissed the pending petitions.

The mother appeals from so much of the order as dismissed her petition. On appeal, the mother contends, and the father and the attorney for the child agree, that the Family Court erred in finding that Virginia was the more convenient forum and dismissing the petition.

Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified in article 5-A of the Domestic Relations Law, a court in this state which has made an initial custody determination has exclusive continuing jurisdiction over that determination until it finds, as is relevant here, that it should relinquish jurisdiction because the child does not have a "significant connection" with New York, and "substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76-a [1] [a]; *see Matter of Mojica v Denson*, 120 AD3d 691, 692 [2014]). Here, it is undisputed that the initial child custody determination was rendered in New York, and the record demonstrates that the child still has a significant connection with New York, and that substantial evidence is available in New York concerning his care, protection, training, and personal relationships (*see* Domestic Relations Law § 76-a [1] [a]; *Matter of Mojica v Denson*, 120 AD3d at 692; *Matter of Wnorowska v Wnorowski*, 76 AD3d 714, 714-715 [2010]).

However, a court with continuing exclusive jurisdiction may nonetheless decline to exercise such jurisdiction "if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum" (Domestic Relations Law § 76-f [1]). Here, consideration of the statutory factors set forth in Domestic Relations Law § 76-f (2) demonstrates that New York was the more convenient forum.

There is no dispute that the father is the monied spouse and is in a better position to travel to New York to attend court proceedings. The evidence required to resolve the pending litigation is located primarily in New York, where the majority of visitation takes place (*see Matter of Mojica v Denson*, 120 AD3d at 693; *Matter of Belcher v Lawrence*, 98 AD3d 197 [2012]). Furthermore, the New York court, having handled this case since its inception, is far more familiar with the case than a Virginia court would be, and has greater ability to expeditiously resolve it (*see Matter of Mojica v Denson*, 120 AD3d at 693; *Matter of Belcher v Lawrence*, 98 AD3d at 202; *Matter of Wnorowska v Wnorowski*, 76 AD3d at 715; *DeJac v DeJac*, 17 AD3d 1066 [2005]).

Since the Family Court erred in finding that New York was not a convenient forum, we reverse the order insofar as appealed from, reinstate the mother's petition, and remit the matter to the Family Court for further proceedings. Skelos, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.