*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 27, 2016                    522123
_____

In the Matter of JESSE SNOW,
                    Appellant,

         v                                    MEMORANDUM AND ORDER

DANIELLE ELMER,
                    Respondent.
_____


Calendar Date:  September 15, 2016

Before:  Peters, P.J., Egan Jr., Lynch, Rose and Aarons, JJ.

                    _____


         Lisa K. Miller, McGraw, for appellant.

         Keith R. Wolfe, Manlius, for respondent.

         Peter E. Smith, Wampsville, attorney for the child.


                    _____


Rose, J.

         Appeal from an order of the Family Court of Madison County
(McDermott, J.), entered November 5, 2015, which, in a proceeding
pursuant to Family Ct Act article 6, granted respondent's motion
to dismiss the petition.

         Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the unmarried parents of a daughter
(born in 2003).  In 2008, the father was sentenced to a 23-year
prison term in connection with the death of his fiancee's child
(People v Snow, 79 AD3d 1252 [2010], lv denied 16 NY3d 800
[2011]).  Pursuant to a 2011 custody and visitation order, the
mother received sole legal and physical custody of the child and
the father was awarded six visits per year in prison, with
transportation to be provided by the paternal grandmother.  In

June 2014, the mother, unbeknownst to the father, relocated with the child to Georgia. The father commenced the instant violation proceeding four months later, alleging that the mother left New York without providing him with a forwarding address and terminated all contact between him and the child. The mother then moved to dismiss this proceeding, contending, as is relevant here, that New York was an inconvenient forum. Family Court granted the mother's motion and dismissed the petition. The father now appeals.

We agree with the father's contention that Family Court abused its discretion in finding that New York was an inconvenient forum and, accordingly, reverse. It is undisputed that Family Court has continuing jurisdiction here (see Domestic Relations Law § 76-a), but that "it may decline to exercise such jurisdiction if it determines that New York is an inconvenient forum and that another state is a more appropriate forum" (Matter of Frank MM. v Lorain NN., 103 AD3d 951, 952 [2013]; see Domestic Relations Law § 76-f [1]; Matter of Miller v Shaw, 123 AD3d 1131, 1132 [2014]). This determination "depends on the specific issue(s) to be decided in the pending litigation" (Matter of Anthony B. v Priscilla B., 88 AD3d 590, 590 [2011]; see e.g. Matter of Belcher v Lawrence, 98 AD3d 197, 202 [2012]; Matter of Jenkins v Jenkins, 9 AD3d 633, 636 [2004], lvs dismissed 5 NY3d 881 [2005], 6 NY3d 751 [2005]), and must involve consideration of all relevant factors, including those set forth in the statute (see Domestic Relations Law § 76-f [2] [a]-[h]; Matter of Eisner v Eisner, 44 AD3d 1111, 1113 [2007], lv denied 9 NY3d 816 [2007]; Matter of Scala v Tefft, 42 AD3d 689, 692 [2007]).

Although Family Court articulated its consideration of each of the statutory factors, we disagree with the weight it accorded certain factors and find that it failed to view those factors in light of the sole issue to be decided in this proceeding, namely, whether the mother violated the 2011 order. First, in considering whether the child or a sibling was the victim of violence, mistreatment or abuse that was likely to continue in the future (see Domestic Relations Law § 76-f [2] [a]), Family Court found that the child was negatively affected by the father's criminal actions, despite the fact that all of the parties agreed that this factor was not relevant, neither the

child nor a sibling was involved in the 2008 case and Family Court had awarded the father six visits per year in 2011. Next, the father promptly commenced this proceeding four months after the mother relocated with the child (see Domestic Relations Law § 76-f [2] [b]) — which occurred without his knowledge or Family Court's permission — and we find that the additional 12 months that it took to dispose of this proceeding does not militate in favor of finding that New York is an inconvenient forum. Further, the father and the paternal grandmother, whose testimony would be central to the issue of whether a violation occurred, are located in New York, and any testimony by the mother could be presented "by telephone, audiovisual means, or other electronic means" (Domestic Relations Law § 75-j [2]; see Domestic Relations Law § 76-f [2] [f]; Matter of Belcher v Lawrence, 98 AD3d at 202). Moreover, Family Court, having presided over the proceedings that led to the 2011 order, is far more familiar with the case than the Georgia courts and would, therefore, be able to resolve this proceeding in a more expeditious manner (see Domestic Relations Law § 76-f [2] [g], [h]). Thus, upon our review, we cannot conclude that the record supports Family Court's finding that New York was an inconvenient forum (see Matter of Miller v Shaw, 123 AD3d at 1133; DeJac v DeJac, 17 AD3d 1066, 1067-1068 [2005], lv denied 20 AD3d 946 [2005]; compare Matter of Kelly v Krupa, 63 AD3d 1395, 1395-1396 [2009]).

Peters, P.J., Egan Jr., Lynch and Aarons, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, motion denied, and matter remitted to the Family Court of Madison County for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court