Matter of Goode v Sandoval (2019 NY Slip Op 02872)





Matter of Goode v Sandoval


2019 NY Slip Op 02872


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-01873
 (Docket Nos. V-10701-14/17C, 10702-14/17C)

[*1]In the Matter of Kenneth Goode, appellant,
v
Jessica Sandoval, respondent; Kaila G. (Anonymous), et al., nonparty-respondents.


Marc A. Greenberg, Elmsford, NY, for appellant.
Maurice Dean Williams, Bronx, NY, for respondent.
Darren DeUrso, White Plains, NY, attorney for the children, the nonparty-respondents, Kaila G. and Alanna G.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), entered January 12, 2018. The order granted the motion of the children to dismiss the petitions on the ground that New York is an inconvenient forum.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petitions are reinstated, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.
The parties are the unmarried parents of two children. In 2014, the mother filed a petition for custody, which resulted in an order being entered on consent, awarding the mother custody and the father parental access as arranged between the parties. The order further provided that the mother "may not relocate without first notifying [the] father in writing prior to said move," and that the father had to be kept informed about the children.
On or about August 30, 2016, the mother relocated with the children from Westchester County to Stamford, Connecticut. According to the mother, she orally notified the father of the relocation, but did not inform him of it in writing.
On March 28, 2017, the father filed violation petitions against the mother alleging, inter alia, that the mother violated the Family Court's order by moving out of state and denying him contact with the children.
Thereafter, the children moved to dismiss the father's petitions on the ground that New York was an inconvenient forum, arguing that it was in the best interests of the children for the Family Court to decline to exercise jurisdiction and for all matters relating to custody to be heard in Connecticut. The mother supported the motion, and the father opposed it.
By order entered January 12, 2018, the Family Court declined to exercise jurisdiction, determining that New York was an inconvenient forum and a court of another state was a more appropriate forum, and granted the motion to dismiss the father's petitions. The father appeals.
Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified in article 5-A of the Domestic Relations Law (hereinafter UCCJEA), under the circumstances of this case, a court in this State, having made the initial custody determination, has exclusive continuing jurisdiction over that determination because the father still lives in New York (see Domestic Relations Law § 76-a; Matter of Pauls v Neathery, 149 AD3d 950, 952; Matter of Snow v Elmer, 143 AD3d 1217, 1218; Matter of Michael McC. v Manuela A., 48 AD3d 91, 96).
Pursuant to Domestic Relations Law § 76-f, a court of this State which has jurisdiction under the UCCJEA may decline to exercise it if it finds that New York is an inconvenient forum and that a court of another state is a more appropriate forum (see Domestic Relations Law § 76-f[1]; Matter of Montanez v Tompkinson, 167 AD3d 616, 618; Matter of Mojica v Denson, 120 AD3d 691, 692; Matter of Hassan v Silva, 100 AD3d 753, 754). "This determination depends on the specific issue(s) to be decided in the pending litigation'" (Matter of Snow v Elmer, 143 AD3d at 1218, quoting Matter of Anthony B. v Priscilla B., 88 AD3d 590, 590).
" The issue of inconvenient forum dismissal is addressed to Family Court's discretion after consideration of the statutory factors'" (Matter of Montanez v Tompkinson, 167 AD3d at 618, quoting Matter of Hissam v Mancini, 80 AD3d 802, 803), as set forth in Domestic Relations Law § 76-f(2). The court is required to consider the statutory factors and allow the parties to submit information regarding these factors before determining that New York is an inconvenient forum (see Pyronneau v Pyronneau, 130 AD3d 707, 708; Matter of Mojica v Denson, 120 AD3d at 692; Matter of Rey v Spinetta, 8 AD3d 393, 394). A court's failure to consider the statutory factors is an improvident exercise of discretion (see Matter of Ferris v Quinones, 44 AD3d 854, 854; Matter of Rey v Spinetta, 8 AD3d at 394; Matter of Dawber v Kelly, 287 AD2d 625, 626).
Here, the Family Court failed to delineate the factors it considered in determining that New York was an inconvenient forum. Accordingly, we remit the matter to the Family Court, Westchester County, for a new determination of the motion of the children, delineating the factors considered in reaching its conclusion (see Matter of Ferris v Quinones, 44 AD3d at 855).
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court