Matter of Helmeyer v Setzer (2019 NY Slip Op 04383)





Matter of Helmeyer v Setzer


2019 NY Slip Op 04383


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2018-10214
2019-05678
 (Docket Nos. V-1642-18/18A, V-1642-18/18B, V-1642-18/18C)

[*1]In the Matter of Thomas Helmeyer, appellant,
v
Erika Setzer, respondent.


Thomas Helmeyer, Richmond Hill, NY, appellant pro se.
Christopher X. Maher, Esq., LLC, Mahopac, NY, for respondent.
Albino J. Testani, Jamaica, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Queens County (Ashley Black, Ct. Atty. Ref.), dated July 9, 2018, and (2) an amended order of the same court, also dated July 9, 2018. The order, insofar as appealed from, granted that branch of the mother's motion which was to dismiss the father's modification and violation petition for lack of jurisdiction and, alternatively, on the ground that New York is an inconvenient forum. The amended order, insofar as appealed from, denied the father's motion to hold the mother in contempt for willful violation of a prior custody order and to award him temporary legal and physical custody of the parties' child pending a hearing.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the mother's motion which was to dismiss the father's modification and violation petition is denied, and the matter is remitted to the Family Court, Queens County, for a hearing and a determination thereafter of the father's modification and violation petition; and it is further,
ORDERED that the amended order is affirmed insofar as appealed from, without costs or disbursements.
The parties were divorced by a judgment entered in the Supreme Court, Dutchess County, on February 16, 2010. They have one child together, born in January 2008. In an order of the Family Court, Putnam County, dated August 23, 2011 (hereinafter the custody order), the parties were awarded joint legal custody of the child, with the mother having primary physical custody and the father having parental access. The mother resided with the child in Putnam County until August 2015, when they moved to Connecticut without notification to the father. Thereafter, between August 2015 and 2017, the father filed numerous modification and violation petitions against the mother in the Family Court, Putnam County. In its last order, dated September 25, 2017, the Family Court, Putnam County, determined that the father's most recent application, like six previous applications, had no merit, dismissed it, and prohibited the father from filing further applications [*2]without prior written approval. The father's remaining petitions in Putnam County were dismissed without prejudice in November 2017.
On or about January 11, 2018, the father filed a modification and violation petition in the Family Court, Queens County. Venue was predicated in Queens County based on the father's residence there. The petition alleged that the mother violated the custody order by, among other things, moving out of state and denying him contact with the child. The petition sought to hold the mother in contempt, as well as a temporary change in custody from the mother to the father pending a hearing. On the same date, the father moved in the same court by order to show cause to hold the mother in contempt for willful violation of the custody order and to award him temporary legal and physical custody of the child pending a hearing.
By notice of motion dated April 19, 2018, the mother moved to dismiss the modification and violation petition for lack of jurisdiction and, alternatively, on the ground that New York is an inconvenient forum, arguing that it was in the best interests of the child for the Family Court, Queens County, to decline to exercise jurisdiction and for all matters relating to custody to be heard in Connecticut. In an order dated April 25, 2018, the Family Court exercised jurisdiction over the father's motion and granted the mother leave to renew her motion to dismiss the modification and violation petition. The court denied, on the merits, the father's motion to hold the mother in contempt and to award him temporary custody. The April 25, 2018, order was subsequently amended, upon the mother's motion, on July 9, 2018, so as to delete certain language, and the father appeals from the amended order dated July 9, 2018.
Following the issuance of the April 25, 2018, order, the mother, inter alia, renewed her motion to dismiss the modification and violation petition. The attorney for the child supported the motion, and the father opposed the motion. In an order dated July 9, 2018, the Family Court determined that it lacked jurisdiction over the modification and violation petition and, alternatively, that New York is an inconvenient forum and a court of another state is a more appropriate forum, and granted that branch of the mother's motion which was to dismiss the modification and violation petition. The father also appeals from this order.
Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified in article 5-A of the Domestic Relations Law (hereinafter UCCJEA), under the circumstances of this case, a court in this State, having made the initial custody determination, has exclusive continuing jurisdiction over that determination because the father still lives in New York (see Domestic Relations Law § 76-a[1][b]; Matter of Goode v Sandoval, _____ AD3d _____, _____, 2019 NY Slip Op 02872, *1 [2d Dept 2019]; Matter of Pauls v Neathery, 149 AD3d 950, 952; Matter of Snow v Elmer, 143 AD3d 1217, 1218; Matter of Michael McC. v Manuela A., 48 AD3d 91, 96). The Family Court concluded that New York's exclusive continuing jurisdiction ended because neither the child nor the child and one parent have a significant connection with New York and substantial evidence is no longer available in New York concerning the child's care, protection, training, and personal relationships (see Domestic Relations Law § 76-a[1][a]). We disagree.
While the child moved to Connecticut in August 2015, attends elementary school there, and has a pediatrician there, the record reveals that the child retains a significant connection with New York, where the father and maternal and paternal family members reside, where two of her physicians are located, and where she frequently visits with the father, and that substantial evidence was available in New York concerning her present and future welfare (see Matter of Seminara v Seminara, 111 AD3d 949; Matter of Blerim M. v Racquel M., 41 AD3d 306, 311; Bjornson v Bjornson, 20 AD3d 497). The child's significant connection with Connecticut does not diminish her significant connection with New York as well (see Vernon v Vernon, 100 NY2d 960, 972). Accordingly, we disagree with the Family Court's determination that it lacked exclusive continuing jurisdiction over the matter and with its grant of that branch of the mother's motion which was to dismiss the petition for lack of jurisdiction (see Domestic Relations Law § 76-a).
We also disagree with the Family Court's alternative holding that, even if it had jurisdiction over the matter, it would decline to exercise it on the ground that New York is an [*3]inconvenient forum. Pursuant to Domestic Relations Law § 76-f, a court of this State that has jurisdiction under the UCCJEA may decline to exercise it if it finds that New York is an inconvenient forum and that a court of another state is a more appropriate forum (see Domestic Relations Law § 76-f[1]; Matter of Montanez v Tompkinson, 167 AD3d 616, 618; Matter of Mojica v Denson, 120 AD3d 691, 692; Matter of Hassan v Silva, 100 AD3d 753, 754). "This determination depends on the specific issue(s) to be decided in the pending litigation'" (Matter of Snow v Elmer, 143 AD3d at 1218, quoting Matter of Anthony B. v Priscilla B., 88 AD3d 590, 590).
" The issue of inconvenient forum dismissal is addressed to Family Court's discretion after consideration of the statutory factors'" (Matter of Montanez v Tompkinson, 167 AD3d at 618, quoting Matter of Hissam v Mancini, 80 AD3d 802, 803), as set forth in Domestic Relations Law § 76-f(2). The court is required to consider the statutory factors and allow the parties to submit information regarding these factors before determining that New York is an inconvenient forum (see Pyronneau v Pyronneau, 130 AD3d 707, 708; Matter of Mojica v Denson, 120 AD3d at 692; Matter of Rey v Spinetta, 8 AD3d 393, 394).
Here, consideration of the statutory factors set forth in Domestic Relations Law § 76-f(2) demonstrates that New York is the more convenient forum. First, although the child has resided in Connecticut since August 2015, the father promptly commenced a violation proceeding in Putnam County shortly after the mother relocated with the child (see Domestic Relations Law § 76-f[2][b])—without his knowledge or the Family Court's permission—and the additional time that it took to dispose of that proceeding does not militate in favor of finding that New York is an inconvenient forum. The distance between the Family Court, Queens County, and the Connecticut courts is not so significant as to present any inconvenience to the father, the mother, or the child. As the gravamen of the modification and violation petition is the father's assertions that the mother has willfully denied him access to the child, the evidence required to resolve the pending litigation is located primarily in New York, where the majority of his access takes place (see Matter of Mojica v Denson, 120 AD3d at 693; Matter of Belcher v Lawrence, 98 AD3d 197, 202), and any testimony by the mother or the child, or any other witnesses located in Connecticut, could be presented "by telephone, audiovisual means, or other electronic means" (Domestic Relations Law § 75-j[2]; see Domestic Relations Law § 76-f[2][f]; Matter of Belcher v Lawrence, 98 AD3d 197). The Family Court, Queens County, has already exercised jurisdiction over the father's contempt motion and has full and unimpeded access to the records and files of the Family Court, Putnam County, which handled this matter since its inception. The New York courts are more familiar with the case than a Connecticut court would be, and have greater ability to expeditiously resolve it (see Domestic Relations Law § 76-f[2][g], [h]). Additionally, the child has an attorney appointed in New York to represent her who is familiar with the proceedings, and continuity of that representation would be preserved by retention of jurisdiction in New York.
For these reasons, we reverse the order dated July 9, 2018, insofar as appealed from and remit the matter to the Family Court, Queens County, for a hearing and a determination thereafter of the father's modification and violation petition.
While the father has also appealed from the amended order dated July 9, 2018, which, inter alia, denied his motion to hold the mother in contempt and to award him temporary legal and physical custody of the child pending a hearing, he has not shown any proper basis for disturbing the Family Court's determinations in this respect. On appeal, he does not dispute the court's determination that he failed to allege any acts of contempt since his previous contempt applications were filed, and he does not dispute the court's determination that he failed to show the necessity for an immediate prehearing transfer of custody. His procedural arguments, such as his claim that the court failed to require an attorney who appeared as of counsel to the mother's attorney of record to file a formal notice of appearance, are without merit.
SCHEINKMAN, P.J., DILLON, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court