Matter of Ocasio v Ocasio (2019 NY Slip Op 08411)





Matter of Ocasio v Ocasio


2019 NY Slip Op 08411


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2018-10421
 (Docket Nos. V-30952-15, V-30953-15)

[*1]In the Matter of George Ocasio, appellant, 
v
Janel Ocasio, respondent.


Carol Kahn, New York, NY, for appellant.



DECISION & ORDER
In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Maria Arias, J.), dated July 9, 2018. The order, in effect, declined jurisdiction over the proceedings on the ground that New York is an inconvenient forum and dismissed the proceedings.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of the two subject children. In the Family Court, Kings County, the father petitioned for sole legal and physical custody of the subject children. In Hawaii, the mother commenced an action for a divorce and ancillary relief. In that Hawaii action, the mother sought, inter alia, sole legal and physical custody of the subject children and of their sibling, who was born in Hawaii subsequent to the commencement of the Kings County proceedings. After conferring with the Hawaii court and hearing the arguments of the parties, the Family Court, Kings County, pursuant to Domestic Relations Law article 5-A, in effect, declined jurisdiction over the proceedings and dismissed the proceedings on the ground that the New York court is an inconvenient forum and the Hawaii court is a more appropriate forum. The father appeals.
A court of this state which has jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act "may decline to exercise it if it finds that New York is an inconvenient forum and that a court of another state is a more appropriate forum" (Matter of Hassan v Silva, 100 AD3d 753, 754; see Domestic Relations Law art 5-A; § 76-f[1]; Matter of Montanez v Tompkinson, 167 AD3d 616, 618). "Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors" (Domestic Relations Law § 76-f[2]), including those set forth in Domestic Relations Law § 76-f(2) (see Domestic Relations Law § 76-f[2][a]-[h]). Here, we agree with the Family Court's determination declining jurisdiction on the ground that the Hawaii court is the more appropriate forum to address the issue of custody of the subject children (see Matter of Veen v Golovanoff, 169 AD3d 804, 806; Matter of Peiyi Wang v Christensen, 165 AD3d 1269, 1270).
The father's remaining contentions are either not properly before this Court or without merit.
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court