Matter of Mark AA. v Susan BB. (2024 NY Slip Op 05173)

Matter of Mark AA. v Susan BB.

2024 NY Slip Op 05173

Decided on October 17, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 17, 2024

CV-24-0714
[*1]In the Matter of Mark AA., Appellant,
v
Susan BB., Respondent. (And Another Related Proceeding.)

Calendar Date:September 6, 2024

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and Powers, JJ.

Stephen W. Herrick, Public Defender, Albany (Nina Schwartzman of counsel), for appellant.
Whiteman Osterman & Hanna LLP, Albany (Brian J. Palamar of counsel), for respondent.

Egan Jr., J.
Appeal from an order of the Family Court of Albany County (Amy E. Joyce, J.), entered March 8, 2024, which, in two proceedings pursuant to Family Ct Act article 6, granted respondent's motion to decline jurisdiction of the proceedings.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in 2014). Pursuant to the terms of a 2018 order entered upon consent, the parties were granted modified joint legal custody of the child, with the mother retaining final decision-making authority, while the order awarded primary physical placement to the mother and specified parenting time to the father. The 2018 order further provided that the father consented to the mother and the child relocating from New York to Massachusetts — a relocation which did occur — but that the parties "agree[d] that jurisdiction of this matter shall remain in Albany County Family Court so long as one of [the parties] remains domiciled in Albany County, New York." Thereafter, Family Court issued an order in 2021 that modified the custodial arrangement in various respects but continued an award of modified joint legal custody, primary physical placement to the mother and specified parenting time to the father. The 2021 order contained no provision regarding continuing jurisdiction in Albany County, although it did authorize either party to "file a [v]iolation [p]etition in Albany County Family Court if one of the [parties] is a resident of Albany County at the time the [p]etition is filed."
The father filed a violation petition in October 2023, alleging that the mother had violated the terms of the 2021 order in various respects and noting that she had commenced a proceeding in Massachusetts that attempted to revisit jurisdictional issues regarding custodial disputes. The mother appeared for the limited purpose of contesting jurisdiction in the matter, after which the father filed a modification petition in January 2024. Later that month, the mother filed a motion in which she argued that Family Court should decline jurisdiction and declare Albany County an improper forum pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-A [hereinafter the UCCJEA]). The father and the attorney for the child opposed the motion, with the father further cross-moving for sanctions against the mother and her counsel pursuant to 22 NYCRR 130-1.1. Following a conference between Family Court and the Middlesex Probate and Family Court in Massachusetts (hereinafter the Massachusetts court) — which had before it an emergency petition from the mother seeking to suspend or modify the father's parenting time — Family Court issued an order in which it determined that Massachusetts was a more convenient forum, declined jurisdiction and transferred the issues raised in the pending petitions to the Massachusetts court. The father appeals and, during the pendency of the appeal, this Court granted his motion [*2]for a stay pending appeal (2024 NY Slip Op 69946[U] [3d Dept 2024]).
"Where, as here, a New York court has continuing jurisdiction over a custody matter, it may decline to exercise such jurisdiction if it determines that New York is an inconvenient forum and that another state is a more appropriate forum" (Matter of Frank MM. v Lorain NN., 103 AD3d 951, 952 [3d Dept 2013] [citations omitted]; see Domestic Relations Law § 76-a [1] [a]; Matter of Sadie HH. v Darrin II., 180 AD3d 1178, 1179 [3d Dept 2020]). A court is obliged to consider eight statutory factors in rendering that determination, and "[t]hose statutory factors include (1) 'whether domestic violence or mistreatment or abuse of a child or sibling has occurred and is likely to continue in the future and which state could best protect the parties and the child,' (2) the length of time the children have resided in another state, (3) the distance between the two states in question, (4) the relative financial circumstances of the parties, (5) any agreement among the parties regarding jurisdiction, (6) the nature and location of relevant evidence, including testimony from the children, (7) the ability of each state to decide the issue expeditiously and the procedures necessary to present the relevant evidence, and (8) the familiarity of each court with the relevant facts and issues" (Matter of Diana XX. v Nicole YY., 192 AD3d 235, 241 [3d Dept 2021], quoting Domestic Relations Law § 76-f [2] [a]). Notably, the "determination depends on the specific issues to be decided in the pending litigation, and must involve consideration of all relevant factors, including those set forth in the statute" (Matter of Snow v Elmer, 143 AD3d 1217, 1218 [3d Dept 2016] [internal quotation marks, brackets and citations omitted]; see Matter of Scala v Tefft, 42 AD3d 689, 692 [3d Dept 2007]).
Here, although Family Court may have had the statutory factors in mind in considering whether to decline exercising jurisdiction over these custody matters, the record does not demonstrate what that consideration involved or show how the weighing of the relevant factors led to the court's determination. Family Court did not explicitly refer to the statutory factors during its conference with the Massachusetts court, which was essentially a back-and-forth between the judges on issues that included the language of the prior custody orders, the nature of the cases presently before them and the differences between New York and Massachusetts laws governing custody proceedings. The parties were not invited to, and did not, offer any testimony regarding the relative convenience of the two forums. Family Court then ruled from the bench that Massachusetts was a more appropriate forum because of "the nature and location of the evidence required to resolve the pending litigation," observing that the mother's modification petition in the Massachusetts court related to the child's mental health and would involve records and testimony from [*3]providers in that state (Domestic Relations Law § 76-f [2] [f]). Family Court thereafter issued the appealed-from order, which did not offer any further detail about its reasoning and, instead, simply declined jurisdiction without any discussion of the relevant factors or how they resulted in Massachusetts being the superior forum.
"[A]s neither party submitted information [at the hearing] and no testimony was taken, the limited record does not permit this Court to conduct an independent review" of those factors and render a determination ourselves (Matter of Cody RR. v Alana SS., 176 AD3d 1372, 1374 [3d Dept 2019]). We therefore remit so that Family Court may do so and, following further development of the record if needed, render a prompt determination in compliance with the UCCJEA (see id. at 1373-1374; Matter of Rey v Spinetta, 8 AD3d 393, 394 [2d Dept 2004]).
Garry, P.J., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.