■ In the Matter of LIONEL E., Respondent, v SHAQUANA R.B., Appellant. [901 NYS2d 181]—

Order, Family Court, New York County (Elizabeth Barnett, Ref.), entered on or about March 10, 2009, which, after a trial, awarded custody of the subject child to petitioner, unanimously affirmed, without costs.

We reject respondent's argument that the matter was effectively decided at an inquest that should not have been conducted. Petitioner was awarded custody of the child after an inquest, respondent's default on the original trial date was vacated and a full trial was subsequently conducted six months later. While the court could not have been oblivious to petitioner's physical and legal custody of the child during this interim period, the court's final decision after the full trial was grounded mainly in other properly considered circumstances, including the parties' respective home environments, behavior toward each other and the child, parenting skills with particular reference to the child's special needs, care of the child over his lifetime, willingness and ability to foster a relationship between the child and the other party, work schedules, and schooling options (*see Eschbach v Eschbach*, 56 NY2d 167, 171, 172, 173 [1982]). There is no indication in the record that the court's final decision significantly relied on petitioner's testimony at the inquest, or was based in significant part on credibility determinations drawn from the circumstances of respondent's default.

The court did not deprive respondent of her right to counsel by permitting her to represent herself at trial. Before permitting respondent to proceed pro se, the court repeatedly asked her if she was certain she wanted to do so, and advised her of her right to either assigned counsel or counsel of her own choosing. In addition, the court advised respondent that she would be responsible for presenting her case, and that the court would not conduct the examination of witnesses for her, and respondent indicated she understood. We are satisfied that respondent made the decision to represent herself knowingly, intelligently,

and voluntarily (*see Matter of Hassig v Hassig*, 34 AD3d 1089 [2006]).

We also reject respondent's argument that the court erred by not appointing a law guardian. Such an appointment was not necessary to the resolution of the custody issue where the court had an extremely detailed forensic report as well as home studies performed by a social worker (*see Dana-Sitzer v Sitzer*, 48 AD3d 354 [2008]; *compare Matter of Amato v Amato*, 51 AD3d 1123, 1124 [2008]).

We have considered respondent's other arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Catterson, McGuire and Román, JJ.