■ LEROY D. WEST, SR., Appellant, v RACQUEL VANDERHORST, Respondent. [939 NYS2d 378]—

The Referee's determination, that it was in the child's best interests to modify the parties' joint custody agreement and award respondent sole legal and physical custody, has a sound and substantial basis in the record (*Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Indeed, the record shows that, following entry of the parties' judgment of divorce, which incorporated their stipulation providing for joint custody, there was a complete breakdown in communication between the parties and an incident of domestic violence in the child's presence, thereby rendering joint custody infeasible (*see Trapp v Trapp*, 136 AD2d 178, 181 [1988]). The record also shows that petitioner violated the parties' stipulation by prohibiting respondent from contacting the child when he was with petitioner, and twice refused to alert respondent to the fact that the child had been hospitalized. Accordingly, unlike respondent, petitioner's conduct and attitude indicated an unwillingness to support and encourage a relationship between the child and respondent (*see Matter of Gregory L.B. v Magdelena G.*, 68 AD3d 478, 479 [2009]). The Referee also properly determined that relocation to respondent's home in New Jersey, which was permitted under the parties' stipulation, and modification of petitioner's visitation schedule, was in the child's best interests (*see Matter of Lionel E. v Shaquana R.B.*, 73 AD3d 434, 434 [2010]). Contrary to petitioner's contention, the parties' stipulation does not require the child to attend a religious school. Concur—Mazzarelli, J.P., Andrias, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ.