*582 Order, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about November 15, 2011, awarding petitioner mother sole legal and physical custody of the parties’ children, subject to respondent father’s right of visitation, unanimously affirmed, without costs.
The record supports the court’s determination that the totality of the circumstances warrants awarding custody of the children to petitioner (see Eschbach v Eschbach, 56 NY2d 167 [1982]). In determining the best interests of the children, the court considered the appropriate factors, including that petitioner had always been the primary care giver and made sure that the children received the educational and medical attention they required (see e.g. Matter of Battista v Fasano, 41 AD3d 712 [2d Dept 2007], lv denied 9 NY3d 818 [2008]), that she was more likely to foster a relationship between respondent and the children than he was to foster a relationship between petitioner and the children (see Matter of Lionel E. v Shaquana R.B., 73 AD3d 434 [1st Dept 2010]), and the history of domestic violence at the hands of respondent (see Domestic Relations Law § 240 [1] [a]).
The court reasonably rejected the recommendation of its appointed forensic psychologist (see Matter of Kozlowski v Mangialino, 36 AD3d 916 [2d Dept 2007]). The court fairly found, inter alia, that the expert did not sufficiently weigh the impact of domestic violence on petitioner’s emotional and psychic state, perhaps causing her depression and the other difficulties she faced. The court fairly concluded that the expert disproportionately blamed petitioner for problems in the parties’ relationship while ignoring her explanations, and relied too heavily on the reports of the paternal grandparents, who had themselves made false reports of abuse and neglect against petitioner.
The court properly considered the wishes of the children as one of many factors in its determination. There is no support for respondent’s contention that the court treated the children’s wishes as determinative. Concur—Andrias, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.