Matter of Leonidez A. v Sira L.R. (2018 NY Slip Op 04421)





Matter of Leonidez A. v Sira L.R.


2018 NY Slip Op 04421


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Mazzarelli, Moulton, JJ.


6860

[*1]In re Leonidez A., Petitioner-Respondent,
v
Sira L.R., Respondent-Appellant.


Steven N. Feinman, White Plains, for appellant.
Joseph R. Daniels, New York, for respondent.
Karen P. Simmons, The Children's Law Center, Brooklyn (Katherine J. Herrmann of counsel), attorney for the child.



Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about August 7, 2017, which, after a hearing, awarded sole legal and physical custody of the parties' child to petitioner father, and parenting time to respondent mother, unanimously affirmed, without costs.
The Family Court's determination has a sound and substantial basis in the record (Matter of Xiomara M. v Robert M., 102 AD3d 581, 582 [1st Dept 2013]). The court considered the relevant factors, and properly determined that the child's welfare and happiness would be best served in the father's care (Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]), particularly given that the father has provided the child with unwavering stability (see Matter of Michael B. [Lillian B.], 145 AD3d 425, 430 [1st Dept 2016]). Since the child was very young, he has spent the entirety of every weekend with the father and the paternal extended family, whereas, when with the mother during the week, in New York, the child spent much of his time with a babysitter, even when the mother was not working. By contrast, the father has been more of a hands-on parent, who spent as much time as he could with the child, and relied on family or caregivers as little as possible (see id. at 428; see also John A. v Bridget M., 16 AD3d 324, 335 [1st Dept 2005], lv denied 5 NY3d 710 [2005]). The father has been active in the child's education, as well as in enriching him with extracurricular activities and excursions (see Louise E.S. v W. Stephen S., 64 NY2d 946, 947 [1985]; see also Michael B., 145 AD3d at 428). Moreover, the father has greater financial stability, and the child has thrived in his care (see e.g. Williams v Williams, 78 AD3d 1256, 1258 [3d Dept 2010]; see also Ricardo S. v Carron C., 91 AD3d 556 [1st Dept 2012]). Further, the father recognized and supported the child's need to maintain a relationship with the mother and his half-siblings and ensured that the child spent holidays with them while the child was in his care in New York and also visited them in Florida (see e.g. Matter of Winslow v Lott, 272 AD2d 406 [2d Dept 2000]). The mother, on the other hand, has shown a disregard for the child's relationship with the father (see Matter of Matthew [*2]W. v Meagan R., 68 AD3d 468 [1st Dept 2009], having, among other things, absconded with the child to Florida without the father's knowledge or consent (see Matter of Goodman v Jones, 146 AD3d 884, 885 [2d Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK