Matter of Christina T. v Thomas C.T. (2019 NY Slip Op 05192)





Matter of Christina T. v Thomas C.T.


2019 NY Slip Op 05192


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Sweeny, J.P., Renwick, Webber, Oing, JJ.


9740

[*1]In re Christina T., Petitioner-Appellant,
v
Thomas C.T., Respondent-Respondent.


Andrew J. Baer, New York, appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Carol L. Kahn, New York, attorney for the child.



Order, Family Court, Bronx County (Lisa S. Headley, J.), entered on or about August 13, 2018, which, after a hearing, granted respondent father's motion to dismiss the petition to modify a prior custody order for failure to state a cause of action and failure to prove a change in circumstances, unanimously affirmed, without costs.
Viewing the evidence in the light most favorable to petitioner mother, we agree that she failed to make a prima facie showing that modification of the custody order was warranted on any of the grounds alleged in the petition (see Matter of Samuel A. v Aidarina S., 99 AD3d 420, 421 [1st Dept 2012]; Matter of Juelle G. v William C., 96 AD3d 538 [1st Dept 2012]; Matter of Patricia C. v Bruce L., 46 AD3d 399, 399 [1st Dept 2007]). The record contains no evidence that the father was homeless and the mother herself acknowledged that he had a permanent address. The Family Court properly concluded that relocation by the father to New Jersey was permitted under the parties' 2016 custody and visitation stipulation (see West v Vanderhorst, 92 AD3d 615 [1st Dept 2012]; Matter of Martin R.G. v Ofelia G.O., 24 AD3d 305, 306 [1st Dept 2005]). The record is also clear that the mother had not been denied meaningful access to her son after the father's relocation to New Jersey and her parenting access schedule remained the same (see Matter of Daniel R. v Liza R., 309 AD2d 714 [1st Dept 2003]). Lastly, the record established that the child was doing better academically at the new school in New Jersey.
The mother's argument that the deterioration of the parents' relationship constituted a change in circumstances is unpreserved for appellate review (see Roberta P. v Vanessa J.P., 140 AD3d 457, 459 [1st Dept 2016], lv denied 28 NY3d 904 [2016]), and we decline to review it in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK