Matter of Darren M.J. v Sandra J.R. (2025 NY Slip Op 05191)

Matter of Darren M.J. v Sandra J.R.

2025 NY Slip Op 05191

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

V-15019-21/21A V-15020-21/21A V-15021-21/21A V-15020-21/23B V-12950-22/22A V-12951-22/22A V-12952-22/22A V-12950-22/23B V-12952-22/23B V-15019-21/24C V-15021-21/24C V-12950-22/24C V-15019-21/23B V-15021-21/23B V-12951-22/23B V-12951-22/24C V-12952-22/24C|Docket No. V-15019-21/21A, V-15020-21/21A, V-15021-21/21A, V-15020-21/23B, V-12950-22/22A, V-12951-22/22A, V-12952-22/22A, V-12950-22/23B, V-12952-22/23B, V-15019-21/24C, V-15021-21/24C, V-12950-22/24C, V-15019-21/23B, V-15021-21/23B, V-12951-22/23B, V-12951-22/24C, V-12952-22/24C|Appeal No. 4773|Case No. 2025-00511|

[*1]In the Matter of Darren M.J., Petitioner-Appellant,
v
Sandra J.R., Respondent-Respondent. 

Geoffrey P. Berman, Larchmont, for appellant.
Kenneth M. Tuccillo, Hasting on Hudson, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the children.

Order, Family Court, Bronx County (Janette Cortes-Gomez, J.), entered on or about January 15, 2025, which, after a fact-finding hearing, awarded respondent mother sole physical custody and final decision-making authority and continued the parties' shared legal custody, unanimously affirmed, without costs.
The parties consented to the finding that there had been a sufficient change of circumstances to warrant a modification of their 2019 custody order (see Matter of Frank G. v Crystal C., 198 AD3d 455, 456 [1st Dept 2021]).
Furthermore, there was a sound and substantial basis for Family Court's determination that it was in the best interests of the children to modify the parties' custody arrangement to award sole physical custody and final decision-making authority to the mother (see Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]). The hearing evidence established that although the children lived with petitioner father from 2019 to 2021, the mother has been their primary caretaker since December 2021, when the father was incarcerated, and during that time she has taken full responsibility for meeting the children's special needs and ensuring that they receive the appropriate educational and medical services (see Xiomara M. v. Robert M., Jr., 102 AD3d 581, 582 [1st Dept 2013]). The father, in contrast, testified that he could not recall the children's special needs or the services they require, and that he never spoke with their medical or educational providers. The father also conceded that he did not tell the mother when he was arrested and incarcerated in 2021, even though the parties shared joint legal custody, and instead arranged for the children to live with his sister. The mother demonstrated a greater willingness and ability to cooperate with the father for the benefit of the children by encouraging them to visit him and acknowledging the importance of their relationship (see Matter of Scott W. v Krizzia G., 194 AD3d 406, 407 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025